JOHNSON, APPELLANT, *v.*
LINDER ET AL., APPELLEES.

(No. 1-83-12—Decided
February 16, 1984.)

*Mr. Willard E. Johnson, pro se.*
*Mr. David J. Kovach,* for appellees.

COLE, J. This is an appeal from a judgment in a civil action wherein the appellant, formerly a prisoner in the Lima State Hospital, acting in part *pro se,* sought a declaratory judgment, compensatory damages and punitive damages against the superintendent of that hospital, a psychiatrist, a physician and a clinical director of that institution for failing to provide treatment to appellant for his mental condition and "in deliberately assuming a posture of indifference to the plaintiff's mental well being." The complaint asserted that the action was authorized under Section 1983, Title 42, U.S. Code, to seek redress for violation of civil rights under color of state law.

The appellees filed a joint answer admitting certain allegations, generally of a formal nature, and denying the balance of the complaint. Three affirmative defenses were asserted, *i.e.,* failure to state a claim upon which relief could be granted, lack of jurisdiction over person and subject matter, and acting in good faith within the scope of official duties. To this, appellant filed a reply which was, however, more in the nature of a brief as to the legal issues raised than a pleading of additional facts or denial thereof.

Appellant filed a request for response to interrogatories which were answered and the responses filed. Factually these are of little, if any, significance since most responses are "not applicable" or a reference to hospital records allegedly available to appellant's then acting counsel, which were not filed as part of the record and are not before this court.

The appellant filed a request for certain documents, including the hospital records. To this, appellees filed a response, but we find no judgment entry disposing of this motion and no hospital file is in the record.

Subsequently the appellees filed a motion for summary judgment and a memorandum. No factual material is referred to as the basis for the motion. Essentially the appellees assert that the trial court has no jurisdiction of cases brought under Section 1983, Title 42, U.S. Code, that appellant has abused legal processes by repeated actions, and that the matter is one for the Court of Claims. Appellant filed a response and, in turn, a motion for summary judgment. The trial court then entered its decision finding:

"Upon consideration of the pleadings, affidavits, answers to interrogatories, and attachments, the Court finds that there is no genuine issue as to any material facts and that _____ is entitled to judgment."

We would here note that we find no affidavits filed by either party pertinent to the motions for summary judgment; the interrogatories are meaningless because of their references to records not filed in the case; and there are no attachments to these interrogatories in the record before this court.

The decision continues:

"Specifically the Court finds that the plaintiff's allegations have been litigated in the Allen County Court of Appeals and in the United States District Court and are *res adjudicata* [*sic*] and there is no issue as to any material fact."

The appellees' motion for summary judgment was sustained and the complaint dismissed. This decision was supplemented by a journal entry dated February 28, 1983 and appellant filed his notice of appeal to this court on March 7, 1983. He asserts a single assignment of error:

"The trial court erred in sustaining defendants' motion for summary judgment pursuant to the doctrine of *res judicata* where the record of evidence

[was] *dehors* the conclusions of the trial court."

Apparently this is intended to assert that there is no evidence before the trial court upon which that court could determine that the doctrine of *res judicata* applied. The appellees assert no cross-assignment of errors.

We are, by this record and the specific action of the trial court, faced with a very narrow issue. Was that court correct in granting appellees' motion for summary judgment upon the basis of the doctrine of *res judicata*? It is our conclusion it was not, and hence we reverse and remand the cause for further proceedings.

First, whether appellees ever appropriately and properly asserted, the application of *res judicata* is ambiguous.

In Civ. R. 8(C) *res judicata* is listed as. an affirmative defense. By Civ. R. 12(B) a party is required to assert his defense in a responsive pleading unless specifically permitted by the rules to do so by motion. The defense of *res judicata* is not one authorized to be made by motion. A responsive pleading in this case would be the answer and *res judicata* is not asserted therein as an affirmative defense.

However, in 4 Anderson's Ohio Civil Practice 417, 419, Answer and Reply, Section 153.09, it is stated:

"* * * [I]n Ohio prior to the Civil Rules, the courts permitted the disposition of actions involving * * * res judicata by summary judgment * * *." (Footnote omitted.)

Assuming this still applies, the next question is whether the affirmative defense was specifically raised by the motion for summary judgment.

The appellees in this motion refer to several cases filed by appellant concerning his imprisonment as well as a class action in which he was a member of the class. However, appellees continue:

"By litigating the same allegation in different forms, plaintiff has abused legal processes, wasted valuable judicial resources and unconscionably harassed defendants. This court should not allow him to proceed further."

This does not specifically assert that the issues in this petition were necessarily determined by any of these cited cases. It appears to be more directed to an equitable defense asserting harassment by legal process. There is no statement that the issues raised by the complaint have been determined by a court of competent jurisdiction, or no statement that there was an opportunity to fairly litigate those issues. However, it can be interpreted to do so, and the trial court did so interpret it.

Assuming then, that the affirmative defense of *res judicata* was placed before the court by the motion for summary judgment, we again necessarily must place upon appellees the burden of establishing a factual basis for that affirmative defense. It is provided by Civ. R. 56(C) that the factual material must conform to certain specific types:

"* * * pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action * * *."

If these show that there is no genuine issue as to any material fact, then the motion for summary judgment may be granted.

In the present case there is nothing at all in the pleadings as to prior litigation.

There are no depositions.

The answers, such as they are, to interrogatories establish nothing as to prior litigation.

There are no written admissions.

The sole affidavit in the file is a poverty affidavit.

There are no transcripts of evidence in the pending case.

There are no written stipulations of fact filed in the pending case.

In short, there is no evidentiary basis established by means authorized by the rule upon which to predicate a finding as to the asserted issue of *res judicata.*

In 32A Ohio Jurisprudence 2d (1975) 430, 431, Judgments, Section 896, it is stated:

"* * * It has been ruled that a defendant who moves for a summary judgment must prevail on the basis of his own affidavits and admissions made by the plaintiff, and unless the defendant's showing is sufficient, there is no burden on the plaintiff to file affidavits showing that he has a cause of action, or even to file counteraffidavits at all." (Footnote omitted.)

The burden was upon the appellees to establish the nonexistence of a genuine issue of fact and they did not meet this burden.

We are cited to certain cases which involved the appellant upon the appellate level. Without the record in the various trial courts, there is no factual basis upon which to rest a conclusion that the issues there involved were the same issues involved in the current action, and that there was a fair opportunity available to appellant to therein litigate those issues.

In *Johnson* v. *Hubbard* (C.A.6, 1983), 698 F. 2d 286, the issue involved was access to the trial court. The trial court had apparently dismissed Johnson's (appellant herein) complaint in that case for want of prosecution. Even though a dismissal for want of prosecution operates as an adjudication on the merits (Fed. R. Civ. P. 41[b]), the merits in that case apparently involved a claim that Johnson's doctors changed their testimony to retaliate against him. Here the issue is failure of treatment and "deliberate indifference" toward appellant and as to his medical needs. (See *Johnson* v. *Hubbard, supra,* statement of case history, at pages 287-288.)

In *In re Johnson* (Mar. 26, 1981), Allen App. No. 1-80-52, unreported, the issue on the appellate level dealt with an evidentiary problem. The issue in the trial court concerned a determination that there was probable cause to believe the appellant was at that time a mentally ill person subject to hospitalization by court order.

It is not clear from this that any issue involved in the present case was therein resolved, or that opportunity existed to do so.

There is attached to the memorandum filed by appellees in the trial court an order dated August 27, 1981 of the Probate Court of Allen County. This is identified neither by affidavit nor other authorized mode.

We reiterate that the burden is upon the appellees to properly assert their affirmative defense of *res judicata* (or its twin, collateral estoppel) and present by means authorized by Civ. R. 56 (C) a factual basis sufficient to sustain that defense.

In conclusion we would also note that appellees asserted in the trial court that Ohio courts will not entertain actions under Section 1983, Title 42, U.S. Code. We have held to the contrary in *Arps* v. *Defiance* (July 13, 1981), Defiance App. No. 4-81-3, unreported, and the Court of Appeals for the First District has also sustained such actions, *Jackson* v. *Kurtz* (1979), 65 Ohio App. 2d 152 [19 O.O. 3d 105], at 156.

There being neither an adequate nor an authorized factual basis upon which the trial court could properly grant the motion for summary judgment, the assignment of error of the appellant is determined to be well-taken. The judgment of the trial court is reversed and this cause is remanded for further proceedings.

*Judgment reversed.*

MILLER, P.J., and GUERNSEY, J., concur.