DECISION AND JUDGMENT ENTRY
This is an appeal from a September 8, 2000 judgment entry of the Lucas County Court of Common Pleas in which the court ruled that appellee, GRE Insurance Group dba The Midwestern Indemnity Company ("the insurance company"), is entitled to a summary judgment on claims filed by appellant, International EPDM Rubber Roofing Systems, Inc. ("EPDM") for breach of contract, negligence, and bad faith. The trial court held thatres judicata applied to bar EPDM's suit, and dismissed EPDM's complaint. Appellant then brought this appeal, and has presented the following three assignments of error for consideration:
 "1. THE TRIAL COURT ERRED IN CONSIDERING A DEFENSE OF RES JUDICATA NOT PLEADED BY AN ANSWER OR STATED IN THE MOTION FOR SUMMARY JUDGMENT.
 "2. THE TRAIL [SIC] COURT ERRED IN GRANTING SUMMARY JUDGMENT FOR DEFENDANT WITHOUT REQUIRING IT TO DEMONSTRATE THAT THERE IS NO GENUINE ISSUE OF FACT INCLUDING THOSE ISSUES ON WHICH PLAINTIFF WOULD HAVE TO [SIC] BURDEN OF PROOF.
 "3. THE TRIAL COURT ERRED IN FALING [SIC] TO APPLY RES JUDICATA AGAINST DEFENDANT FOR SUCCESSIVE MOTIONS FOR SUMMARY JUDGMENT."
The record shows that this case began on June 6, 1995 when EPDM filed a complaint in the Lucas County Court of Common Pleas, seeking damages for an alleged breach of contract, negligence, and bad faith on the part of the insurance company.
The insurance company did not file an answer to the complaint.
Instead, the insurance company filed a motion to consolidate this case with a declaratory judgment case that was already pending before another judge in the Lucas County Court of Common Pleas, or to stay all proceedings in this case until the first case was resolved.
On September 19, 1995, the trial court issued an order staying this case until the pending declaratory judgment case in the court before another judge was resolved. Nothing further happened in the case until September 27, 1999 when the insurance company filed a motion to dismiss this case. The insurance company argued that the declaratory judgment case had been resolved in its favor, and that the issues raised in this case were also raised in a counterclaim filed by EPDM in the other case. The insurance company asked the trial court to apply res judicata and collateral estoppel to the claims in this case and to dismiss EPDM's complaint. Attached to the motion to dismiss were judgments and opinions issued by the trial court and this court in the other case.
EPDM filed a memorandum in opposition to the insurance company's motion to dismiss. EPDM said the insurance company had not filed an answer in the case, had not listed any ground for dismissal under Civ.R. 12(B), and had not filed any affidavits or factual assertions to support its arguments.
On May 26, 2000, the trial court ruled that the motion to dismiss was not well-taken. Citing to the opinion from the Supreme Court of Ohio inState ex rel. Freeman v. Morris (1991), 62 Ohio St.3d 107, the trial court noted that res judicata cannot be raised by means of a motion to dismiss under Civ.R. 12(B).
The insurance company then filed a motion for summary judgment. The insurance company again argued that res judicata and collateral estoppel should be applied to bar EPDM's claims in this case. The insurance company again provided the trial court with opinions and judgments from the trial court and this court in several cases, including the declaratory judgment case, in which EPDM and the insurance company were the sole parties and the issues raised were whether the insurance company wrongfully denied EPDM coverage for claims brought against the company, whether the insurance company was negligent in its representation of EPDM and whether the insurance company had engaged in bad faith.
EPDM filed a "brief" in opposition to the insurance company's motion for summary judgment. EPDM argued that because the insurance company did not file any answer in this case, all the facts stated in the complaint must be accepted as true. EPDM conceded that rulings from the previous lawsuits resolved the duty to defend issues. However, EPDM argued that the previous decisions did not resolve "coverage facts or issues" and said that res judicata should not be applied.
On September 8, 2000, the trial court filed an opinion and judgment entry in which it ruled that res judicata did apply.
The trial court noted that the Supreme Court of Ohio has made clear statements in case law that res judicata will bar all claims that were or could have been litigated in a previous case. The trial court ruled that all of the claims raised by EPDM in this case either were or could have been litigated in the previous cases filed between EPDM and the insurance company. The trial court therefore granted summary judgment to the insurance company and ordered EPDM's complaint dismissed. EPDM then brought this appeal.
In support of its first assignment of error, EPDM argues that the trial court should not have considered the defense of res judicata because the insurance company did not file an answer in this case. EPDM also argues that the insurance company did not say in its motion for summary judgment that it was arguing that res judicata should apply to this case. EPDM argues that this case involves issues that were not raised or considered in the previous cases between itself and the insurance company.
The insurance company responds that it did properly raise res judicata
in its motion for summary judgment. The insurance company notes that it had the burden to present evidence to support its factual assertion that the issues raised in this lawsuit were previously raised and considered or could have been raised and considered. The insurance company says it met its burden by attaching to its motion for summary judgment an appendix of exhibits consisting of trial and appellate court opinions from other cases between itself and EPDM in which they litigated issues identical to the issues now raised again in this case.
For the following reasons, we are not persuaded by EPDM's argument that the trial court could not consider the defense of res judicata because the insurance company did not file an answer in this case. First, we note that EPDM is correct that when no answer is filed in a case, the effect is that the party who failed to answer has made an admission to all the facts pleaded in the complaint. However, the admission of the facts as true does not mean that the complainant must be granted judgment. As the Eighth District Court of Appeals said in a case with a similar procedural posture:
 "In the present case, no answer to the plaintiff's complaint was filed by the appellant. As the court stated in Tiefel v. Gilligan (1974), 40 Ohio App.2d 491, `* * * the practical result of choosing not to answer amounts to an admission of the validity of the facts alleged by the complainants.' Id., at 494.
 "The omission of an answer, however, does not mean that the plaintiff was automatically entitled to a judgment as a matter of law, Tiefel, id." Brown v. Ohio Casualty Ins. Co. (1978), 63 Ohio App.2d 87, 91.
Therefore, we must consider whether the trial court was correct when it decided that the insurance company was entitled to judgment as a matter of law, even if the facts in the complaint were admitted due to the failure of the insurance company to file an answer to the complaint.
The question of whether the trial court could properly consider the insurance company's affirmative defense of res judicata when the insurance company never filed an answer in this case and raised the defense for the first time in the context of a motion for summary judgment is a difficult one. We note that the Supreme Court of Ohio has twice held that the affirmative defense of res judicata may not be raised in a motion to dismiss under Civ.R. 12(B). Jim's Steak House, Inc. v.Cleveland (1998), 81 Ohio St.3d 18, 20; State ex rel. Freeman v. Morris
(1991), 62 Ohio St.3d 107, 109. Therefore, in cases where the defendant did not file an answer and then filed a motion to dismiss on the basis ofres judicata, the Supreme Court of Ohio has reversed dismissals of the cases. However, the Supreme Court of Ohio has said that res judicata can be raised through a motion for summary judgment.
In the first case in which the Supreme Court of Ohio ruled that resjudicata can not be raised in a motion to dismiss when no answer is filed to the complaint, State ex rel. Freeman v. Morris, the defendant did not file an answer to the complaint for mandamus that the applicant filed in the Court of Appeals for Hamilton County, but filed a motion to dismiss with attachments to show that the affirmative defense of res judicata
should be applied. The Supreme Court of Ohio noted that the district court of appeals effectively converted the motion to dismiss into a motion for summary judgment. The Supreme Court of Ohio then said:
 "In such a case, Civ.R. 12(B) requires that the court consider `only such matters outside the pleadings[s] as are specifically enumerated in Rule 56.' Civ.R. 56(C) enumerates `pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact.' The complaints and judgment entries, submitted without affidavit, are none of these. Accordingly, the case is not a proper one for summary judgment." Id. at 109.
The Supreme Court of Ohio went on to explain that the case was also not subject to dismissal pursuant to Civ.R. 12(B). The Supreme Court of Ohio said:
 "Civ.R. 8(C) designates res judicata an affirmative defense. Civ.R. 12(B) enumerates defenses that may be raised by motion and does not mention res judicata. Accordingly, we hold that the defense of res judicata
may not be raised by motion to dismiss under Civ.R. 12(B). See Johnson v. Linder (1984), 14 Ohio App.3d 412. In that case, the Court of Appeals for Allen County held that the affirmative defense of res judicata could be raised by motion for summary judgment. We concur. However, as previously discussed, appellee's motion to dismiss was not proper for conversion into a motion for summary judgment and was not so converted." Id. (Emphasis added).
A review of the facts in the Third District Court of Appeals case cited with favor by the Supreme Court of Ohio in State ex rel. Freeman v.Morris, id., shows that there was an answer filed in the case; however, the affirmative defense of res judicata was not raised in the answer. Instead, the defendant in that case raised the affirmative defense ofres judicata in a motion for summary judgment. Johnson v. Linder (1984),14 Ohio App.3d 412, 413-414. The Third District Court of Appeals noted that res judicata is an affirmative defense that should ordinarily be raised in an answer. The Third District Court of Appeals then said:
 "However, in 4 Anderson's Ohio Civil Practice 417, 419, Answer and Reply, Section 153.09, it is stated:
 "`* * * [I]n Ohio prior to the Civil Rules, the courts permitted the disposition of actions involving * * * res judicata by summary judgment * * *.' (Footnote omitted.)
 "Assuming this still applies, the next question is whether the affirmative defense was specifically raised by the motion for summary judgment." Id. at 414.
The Third District Court of Appeals then went on to review the record in the case and determined that the record did not contain any evidence to support a finding that res judicata applied. Id. at 415.
While there was an answer filed before the affirmative defense of resjudicata was raised for the first time in a motion for summary judgment in the Johnson v. Linder case, we conclude that the citation of that case in the State ex rel. Freeman v. Morris decision shows that the Supreme Court of Ohio believes that the affirmative defense of res judicata can be raised for the first time in a motion for summary judgment even when no answer is filed in a case. By citing to the Johnson v. Linder decision in a case where no answer was filed, but the defense of res judicata was raised for the first time in a motion that was converted to a motion for summary judgment, the Supreme Court of Ohio lent support to the belief that it has recognized an exception to the general rule that a party waives an affirmative defense if no answer is filed. The exception to the rule is that the affirmative defense of res judicata can be raised in a motion for summary judgment.
In the second case from the Supreme Court of Ohio in which the court ruled that res judicata may not be raised by motion to dismiss, Jim'sSteak House, Inc. v. Cleveland, 81 Ohio St.3d at 21, the court did not consider whether the defense of res judicata could be raised for the first time by motion for summary judgment. In that case, the defendant never filed an answer to an amended complaint. On the day the case was to go to trial, the defendant filed a motion to dismiss, arguing that resjudicata applied. The trial court denied the motion to dismiss on the basis that it was untimely. Id. at 19. The case went to trial, and the jury awarded damages to the plaintiff. The defendant appealed, arguing that its motion to dismiss should have been granted, and the appellate court agreed. Id.
The plaintiff then appealed to the Supreme Court of Ohio. The Supreme Court of Ohio said that because the defendant did not file an answer to the amended complaint, it "waived its opportunity even to raise resjudicata as an affirmative defense." The court went on to say: "Affirmative defenses other than those listed in Civ.R. 12(B) are waived if not raised in the pleadings or in an amendment to the pleadings. Civ.R. 8; Civ.R. 15." Id. The court then referred to its earlier case, saying:
 "In State ex rel. Freeman v. Morris (1991), 62 Ohio St.3d 107, 109, 579 N.E.2d 702, 703, this court held that the defense of res judicata may not be raised by a motion to dismiss under Civ.R. 12(B). Thus, even assuming that the city's last-second filing of a motion to dismiss based on res judicata was timely filed, the affirmative defense of res judicata
was improperly raised therein. The city failed to raise the defense in either a responsive pleading or by amendment, and therefore waived it." Id. at 21.
While the above quoted language seems to create a broad rule that resjudicata can never be raised in a document other than an answer or an amended answer, we again note that the Supreme Court of Ohio was not addressing facts in this case which included the filing of a motion for summary judgment. We therefore conclude that the Supreme Court had no intent to reverse its earlier recognition that the affirmative defense ofres judicata can be raised for the first time in a motion for summary judgment, even when no answer has been filed in the case.
Having determined that the trial court could consider the affirmative defense of res judicata in this case after the insurance company raised it in a motion for summary judgment, we now focus on whether the trial court correctly ruled that the insurance company was entitled to summary judgment as a matter of law. The record shows that the insurance company did specify in its motion for summary judgment that it believed that the trial court should apply res judicata to the case, and should dismiss EPDM's complaint as a matter of law. The record also shows that the insurance company did provide the trial court with an appendix of documents, attached to its motion for summary judgment that included pleadings and court rulings from other cases involving the insurance company and EPDM. Preceding the documents in the appendix was an affidavit from an attorney for the insurance company, in which he averred that all of the documents were true and accurate copies of previous opinions rendered by other courts in related litigation. Because the documents in question were submitted by affidavit, the trial court could properly consider them, and could use them as a basis for its ruling thatres judicata applied. Furthermore, our own review of the documents shows that the trial court did not err when it concluded that the claims presented by EPDM in this case either had been or could have been raised in the previous litigations between EPDM and the insurance company. Accordingly, we conclude that the trial court did not err when it granted summary judgment to the insurance company even when no answer was filed in the case. EPDM's first assignment of error is not well-taken.
In support of its second assignment of error, EPDM argues that the trial court erred when it granted summary judgment because it did not first require the insurance company to prove that there were no material issues of fact that remained in dispute. As we noted in our discussion of the first assignment of error, the insurance company's failure to file an answer to the complaint in this case resulted in a complete admission of the facts alleged in the complaint. The trial court therefore did not err when it did not require the insurance company to prove that no issues of fact remained in dispute before it considered whether the insurance company was entitled to summary judgment as a matter of law. EPDM's second assignment of error is not well-taken.
In support of its final assignment of error, EPDM appears to again be arguing that because the insurance company filed no answer in this case, the trial court could not consider its assertion of the affirmative defense of res judicata that was raised for the first time in a motion for summary judgment. Based upon the same reasoning we discussed in the first assignment of error, we find EPDM's third assignment of error not well-taken.
Before we close our discussion of this case, we note that the insurance company filed a motion seeking sanctions in this case. The insurance company argued that no valid basis existed for this appeal and asked for sanctions to be imposed upon opposing counsel. This court deferred a ruling on that motion until we considered the merits of the appeal. Because we find that EPDM did present an arguable issue concerning whether res judicata could be considered when no answer was filed in the case and the affirmative defense was first presented in a motion for summary judgment, we conclude that an order imposing sanctions is not appropriate in this case. The motion for sanctions is not well-taken and is denied.
The judgment of the Lucas County Court of Common Pleas is affirmed. EPDM is ordered to pay the court costs of this appeal.
 ____________________________ Peter M. Handwork, JUDGE
Melvin L. Resnick, J. and Richard W. Knepper, J. CONCUR.