OPINION
Appellant Patrick J. Calloway appeals the decision of the Court of Common Pleas, Stark County, which dismissed, pursuant to Civ.R. 12(B)(6), his civil action for breach of contract and fraud filed against his former spouse, Appellee Cynthia Calloway. The relevant facts leading to this appeal are as follows.
Appellant and appellee were married in 1990. In February 1997, appellee filed a complaint for divorce against appellant in the Stark County Family Court. Appellant did not respond to the complaint; hence, appellee obtained an uncontested divorce decree on June 6, 1997. Appellee therein obtained, inter alia, one-half of the marital portion of appellant's Timken Company pension and 401(K) plan, with the judge's directive that the amount thereof "shall be subject to a Qualified Domestic Relations Order to be prepared by Plaintiff's [herein appellee's] counsel." Divorce Decree at 3. Approximately three years later, appellee prepared and filed a Qualified Domestic Relations Order ("QDRO") in order to obtain her portion of appellant's Timken retirement benefits. At about the same time, appellant filed in Family Court a motion for relief from the divorce decree, pursuant to Civ.R. 60(B). Although the matter was scheduled for evidence in that court, appellant apparently dismissed his motion prior to a ruling.
On February 28, 2001, appellant filed a complaint for breach of contract and fraud in the Stark County Court of Common Pleas, Civil Division, against appellee and QDRO Consultants Company of Medina, Ohio. Appellant therein alleged that appellee intentionally failed to disclose during the divorce action the existence of the parties' prenuptial agreement, wherein she purportedly agreed not to assert a claim against appellant's retirement benefits. On March 19, 2001, appellee filed a motion to dismiss appellant's civil complaint for failure to state a claim upon which relief could be granted (Civ.R. 12(B)(6)).
On August 9, 2001, the trial court dismissed appellant's complaint via a judgment entry, specifically finding that the doctrine of res judicata
precluded the claims raised by appellant. Appellant timely appealed therefrom and herein raises the following two Assignments of Error:
 I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING APPELLEE'S CIV.R. 12(B)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM BASED ON THE DOCTRINE OF RES JUDICATA.
 II. THE TRIAL COURT ERRED IN HOLDING THAT APPELLANT'S CLAIMS WERE COMPULSORY COUNTERCLAIMS TO THE DIVORCE ACTION, AND THUS WERE BARRED BY THE DOCTRINE OF RES JUDICATA.
 I
In his First Assignment of Error, appellant argues that the trial court erred in granting appellee's motion to dismiss on the grounds of resjudicata. We agree.
Our standard of review on a Civ.R. 12(B)(6) motion to dismiss is denovo. Hunt v. Marksman Products (1995), 101 Ohio App.3d 760, 762. A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. Stateex rel. Hanson v. Guernsey Cty. Bd. of Commrs. (1992), 65 Ohio St.3d 545,548.
"The doctrine of res judicata involves both claim preclusion (historically called estoppel by judgment in Ohio) and issue preclusion (traditionally known as collateral estoppel)." Grava v. Parkman Township
(1995), 73 Ohio St.3d 379, 381 (citations omitted). Furthermore, "[i]t has long been the law of Ohio that 'an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in the first lawsuit'." NationalAmusement, Inc. v. Springdale (1990), 53 Ohio St.3d 60, 62 (citation omitted). However, in State ex rel. Freeman v. Morris (1991),62 Ohio St.3d 107, the Ohio Supreme Court opined as follows:
 Civ.R. 8(C) designates res judicata an affirmative defense. Civ.R. 12(B) enumerates defenses that may be raised by motion and does not mention res judicata. Accordingly, we hold that the defense of res judicata
may not be raised by motion to dismiss under Civ.R. 12(B).
Id. at 109, citing Johnson v. Linder (1984), 14 Ohio App.3d 412.
Appellee's motion to dismiss specifically recites Civ.R. 12(B)(6) as its grounds. We find no basis to deviate from the Supreme Court's clear language in Freeman based on the record before us. See, also, Paden v.Miller (July 3, 2000), Guernsey App. No. 00CA11, unreported. Appellee responds in the alternative that dismissal was nonetheless warranted based upon the failure to attach a copy of the parties' prenuptial agreement to the original complaint (see Civ.R. 10(D)). However, Civ.R. 10(D) does not expressly require the dismissal of a complaint which does not comply with the rule, and such defects may be cured by less drastic means. See Point Rental Co. v. Posani (1976), 52 Ohio App.2d 183. We conclude the trial court committed error by permitting the defense of resjudicata to be successfully raised by a motion to dismiss under Civ.R. 12(B)(6).
Appellant's First Assignment of Error is sustained.
 II
In his Second Assignment of Error, appellant challenges the trial court's finding that his complaint constituted a compulsory counterclaim that should have been raised in response to the 1997 divorce action. Based on our holding above, we find further analysis regarding this issue to be premature.
We therefore decline to address appellant's Second Assignment of Error.
For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby reversed and remanded for further proceedings consistent with this opinion.
By: Wise, J., Gwin, P. J., and Boggins, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.
Costs to appellee.