[Cite as *Stratford Commons v. Raaber*, 2011-Ohio-6084.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 96867**

---

## STRATFORD COMMONS

PLAINTIFF-APPELLANT

vs.

## JULIUS RAABER A.K.A. JULIU RAABER, ET AL.

DEFENDANTS-APPELLEES

---

### JUDGMENT:
### REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-740660

**BEFORE:**   Kilbane, A.J., Boyle, J., and Sweeney, J.

**RELEASED AND JOURNALIZED:**   November 23, 2011

**ATTORNEYS FOR APPELLANT**

Patrick M. Higgins
David G. Finley
Matthew Thomas
45 W. Prospect Avenue
Suite 1650-G
Cleveland, Ohio 44115

**ATTORNEY FOR APPELLEES**

Irving S. Bergrin
27600 Chagrin Blvd.
Suite 340
Cleveland, Ohio 44122

MARY EILEEN KILBANE, A.J.:

{¶ 1} This is an accelerated appeal brought pursuant to App.R. 11.1 and Loc.App.R. 11.1.

{¶ 2} Plaintiff-appellant, Stratford Commons (Stratford), appeals the trial court's judgment dismissing its complaint against defendants-appellees. Finding merit to the appeal, we reverse and remand.

{¶ 3} In November 2010, Stratford filed a complaint against Julius Raaber a.k.a. Juliu Raaber (Julius), Julius Raaber Trustee a.k.a. Juliu Raaber Trustee, Margaret Raaber Trustee a.k.a. Margareta Raaber trustee, George Raaber, George Raaber Trustee

(George), and Andreea Raaber Trustee (collectively referred to as defendants), which involves a judgment Stratford obtained against George Raaber in 2008.

{¶ 4} In June 2008, Stratford filed Case No. CV-661095 against George for the breach of a promissory note executed by George on December 19, 2007, in favor of Stratford, to guarantee payment for the nursing home care of his father, Julius Raaber. Stratford obtained a default judgment against George in the amount of $46,756.81.

{¶ 5} Stratford's 2010 complaint against the defendants is the subject of this appeal and asserts three causes of action. The first cause of action alleges that Julius owes Stratford $41,640.81 from a promissory note dated December 19, 2007. The second cause of action alleges that Julius Raaber Trustee or Margaret Raaber Trustee improperly transferred Julius's assets into a trust in order to avoid Stratford's claims. The third cause of action alleges that George Raaber Trustee or Andreea Raaber Trustee improperly transferred George's assets into a trust in order to avoid Stratford's claims.

{¶ 6} In response to Stratford's complaint, defendants filed a motion to dismiss, arguing that Stratford's 2010 lawsuit is barred by res judicata. In support of their motion, defendants attached copies of Stratford's 2008 lawsuit, the nursing facility agreement between Stratford and Julius, Julius's account statement, and the promissory note between Stratford and George. Defendants argued that Stratford's 2008 and 2010 lawsuits involve the same promissory note and that Stratford is attempting to pursue liability upon parties who were not joined in the 2008 lawsuit. Defendants argued that

these parties should have been joined in the 2008 lawsuit. Stratford opposed the defendants' motion, and the trial court set a hearing in May 2011.

{¶ 7} Following the hearing on defendants' motion, the court dismissed Stratford's lawsuit, finding that Stratford has "received a valid judgment on the note that is the subject of this action. This matter is considered res judicata. [Stratford] believes property held in trust is subject to collection however, a lawsuit naming trustees of trust that holds subject property is not a proper vehicle for their attempt to collect."

{¶ 8} Stratford now appeals, raising the following assignment of error for review.

ASSIGNMENT OF ERROR ONE

**"The trial court committed reversible error by granting the motion to dismiss the complaint against George Raaber, George Raaber Trustee, Andreea Raaber Trustee and Margaret Raaber Trustee."**

{¶ 9} Stratford argues that the trial court erred when it dismissed its complaint because res judicata and collateral estoppel do not bar its claims. We agree with Stratford that the trial court improperly dismissed its complaint, albeit for different reasons.

{¶ 10} Here, the defendants did not file an answer to Stratford's complaint. Instead, they filed a motion to dismiss based on the affirmative defense of res judicata and attached to the motion copies of Stratford's 2008 lawsuit, the nursing facility agreement between Stratford and Julius, Julius's account statement, and the promissory note between Stratford and George.[1] The Ohio Supreme Court has found that res judicata is not a

---

[1]We note that defendants did not specify in their motion to dismiss one of the

defense that can be raised by a motion to dismiss pursuant to Civ.R. 12(B) because that defense must be proved with evidence outside the pleadings. *State ex rel. Freeman v. Morris* (1991), 62 Ohio St.3d 107, 579 N.E.2d 702; *Shaper v. Tracy*, 73 Ohio St.3d 1211, 1995-Ohio-37, 654 N.E.2d 1268.

{¶ 11} In *Freeman*, the defendant did not file an answer to the complaint, but filed a motion to dismiss with attachments to establish res judicata. The *Freeman* court noted that the lower court converted defendant's motion to dismiss into a motion for summary judgment when it based its decision on matters outside the pleadings — the attachments to the motion to dismiss. Id. at 109. The court noted that "[i]n such a case, Civ.R. 12(B) requires that the court consider 'only such matters outside the pleadings as are specifically enumerated in Rule 56.' Civ.R. 56(C) enumerates 'pleading[s], depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact.' The complaints and judgment entries, submitted without affidavit, are none of these." Id. Thus, the *Freeman* court concluded that the lower court improperly converted the Civ.R. 12(B) motion into a summary judgment motion. Id. The court went on to explain that "Civ.R. 8(C) designates res judicata an affirmative defense. Civ.R. 12(B) enumerates defenses that may be raised by motion and does not mention res judicata. Accordingly, we hold that the defense of res

---

grounds set forth in Civ.R. 12(B)(1)-(6). However, based on their allegations, it appears that their motion was filed pursuant to Civ.R. 12(B)(6) for failure to state a claim.

judicata may not be raised by motion to dismiss under Civ.R. 12(B)." Id., citing *Johnson v. Linder* (1984), 14 Ohio App.3d 412, 471 N.E.2d 815.

{¶ 12} Moreover, in *Ardary v. Stepien*, Cuyahoga App. No. 82950, 2004-Ohio-630 and *Powell v. Wal-Mart Stores, Inc.*, Cuyahoga App. No. 93707, 2010-Ohio-5233, this court has found that res judicata is not a defense that can be raised by a motion to dismiss under Civ.R. 12(B) because that defense must be proved with evidence outside the pleadings.

{¶ 13} In the instant case, the trial court based its decision on matters outside the pleadings without properly converting the motion to dismiss into a motion for summary judgment. As the *Freeman* court stated, "Civ.R. 56(C) enumerates 'pleading[s], depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact.'" Id. at 109. The copies of Stratford's 2008 lawsuit, the nursing facility agreement between Stratford and Julius, Julius's account statement with Stratford, and a promissory note between George and Stratford, submitted without an affidavit, were none of these. See *Freeman* at 109; *Ardary* at ¶19. Thus, defendants' motion to dismiss was not proper for conversion into a motion for summary judgment. See *Ardary* at ¶19, citing *Freeman*.

{¶ 14} Furthermore, if the trial court "converts a motion to dismiss into a motion for summary judgment, the trial court must give notice to the parties and reasonable opportunity to present Civ.R. 56 evidence." *Ardary* at ¶20, citing *City Mgmt. Sys. v. Blakely*, Summit App. No. 21162, 2003-Ohio-524. Here, the record reveals that the trial

court did not give the parties any such notice, nor does the record otherwise indicate that the trial court converted the motion to dismiss into a motion for summary judgment. Accordingly, the trial court erred in granting defendants' motion to dismiss on the grounds that Stratford's claim was barred by res judicata.

{¶ 15} Thus, the sole assignment of error is sustained.

{¶ 16} Judgment is reversed and remanded for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, ADMINISTRATIVE JUDGE

MARY J. BOYLE, J., and
JAMES J. SWEENEY, J., CONCUR