[Cite as *Rice v. Lewis*, 2013-Ohio-5890.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

STEPHEN A. RICE, et al.,                  :

    Plaintiffs-Appellees,             :          Case No.   13CA3551

vs.                                       :

CHERISH LEWIS,                            :          DECISION AND JUDGMENT ENTRY

    Defendant-Appellant.              :

_____

APPEARANCES:

COUNSEL FOR APPELLANT:        Konrad Kircher, 4824 Socialville-Foster Road, Suite 110,
                              Mason, Ohio 45040

COUNSEL FOR APPELLEES:        Rebecca L. Bennett, 626 Seventh Street, Portsmouth, Ohio
                              45662

_____

CIVIL CASE FROM COMMON PLEAS COURT
DATE JOURNALIZED: 12-30-13
ABELE, J.

{¶ 1}   This is an appeal from a Scioto County Common Pleas Court, Domestic Relations

Division, judgment that dismissed two petitions for a Sexually Oriented Offender Protection

Order (SOOPO) filed by Cherish Lewis, defendant below and appellant herein, against Stephen

Rice and Regina Kelley, plaintiffs below and appellees herein.   Appellant assigns the following

error for review:

> "THE TRIAL COURT ERRED IN DISMISSING THE
> SEXUALLY ORIENTED OFFENSE PROTECTION ORDERS
> ON RES JUDICATA GROUNDS."

{¶ 2} This matter is before this court for the fourth time. Rice v. Lewis, 4th Dist. Scioto No. 11CA3451, 2012-Ohio-2588; Rice v. Lewis, 4th Dist. Scioto No. 09CA3307, 2010-Ohio-1077; Rice v. Lewis, 4th Dist. Scioto No. 08CA3238, 2009-Ohio-1823. To briefly summarize, this case began in December 2004 as a complaint to determine the paternity of appellant's then-four-month old child. Since 2004, appellant, the father (Rice), and the paternal grandmother (Kelley) have been embroiled in an endless controversy that surrounds the custody of the now nine-year old child. Additional facts may be found in our prior decisions.

{¶ 3} The instant appeal arises from appellant's July 26, 2012 petitions for a civil SOOPO against appellees. Appellant alleged that Rice committed a sexually oriented offense against the child, and that Kelley failed to protect the child from Rice's alleged sexual abuse. Appellant based her petition upon conduct that allegedly occurred in November 2007, June 2008, November 2008, and "late 2011."

{¶ 4} On October 19, 2012, appellees filed a motion to dismiss appellant's petition and asserted that the doctrine of res judicata barred appellant's petition. Appellees contended that the domestic relations court had during prior proceedings considered, and rejected, appellant's sexual abuse allegations.

{¶ 5} Appellees further argued that appellant raised the same allegations in the juvenile court when she sought an ex parte emergency custody order. To support their argument, appellees attached various documents, including filings from the juvenile court proceedings. On August 1, 2008 appellant filed a complaint in juvenile court and alleged the child to be abused and neglected, and requested temporary and permanent custody. Appellant further requested the juvenile court to enter "a protective order vesting the custody of said child in said natural mother

* * * as an emergency exists which justifies said natural mother in assuming the care, custody, and control of said minor child, both temporary and permanent pending adjudication and disposition of this matter." Subsequently, the juvenile court held a probable cause hearing and determined that appellant failed to demonstrate the existence of an emergency so as to justify the ex parte order. The court thus dissolved the ex parte order, returned the child to the father's custody, and dismissed appellant's complaint.

{¶ 6} Appellees additionally contended that appellant raised the same sexual abuse allegations in October 2010 when she filed a report in Hillsborough County, Florida. Appellees attached to their motion to dismiss an investigative summary of this 2010 report. The report contains no new sexual abuse allegations, but instead relies upon the same allegations that appellant presented during the juvenile court proceedings.

{¶ 7} Appellees also attached a 2011 investigative summary from Pinellas County, Florida. The 2011 summary does not contain any new sexual abuse allegations. Instead, the summary indicates that the sexual abuse allegations were based upon the same conduct that appellant had raised during the juvenile court proceedings and during the domestic relations proceeding.

{¶ 8} On April 2, 2013, the trial court agreed with appellees and dismissed appellant's petition on the basis of res judicata. The court determined that appellant previously raised the sexual abuse allegations in prior court proceedings and, thus, is barred from re-litigating them. This appeal followed.

A

MOTION TO DISMISS

{¶ 9} Before we review the merits of appellant's assignment of error, we first address a procedural issue. Appellees filed a motion to dismiss appellant's petition on the basis of res judicata and attached various exhibits to support their motion. Although appellees failed to cite the Civil Rule that applied to their motion, the motion impliedly argues that appellant's petition fails to state a claim upon which relief can be granted. Thus, we believe that appellees intended to file a Civ.R. 12(B)(6) motion to dismiss.

{¶ 10} A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief may be granted tests the sufficiency of the complaint. State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs., 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992). A trial court may not grant a motion to dismiss for failure to state a claim upon which relief may be granted unless it appears "beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." O'Brien v. Univ. Community Tenants Union, 42 Ohio St.2d 242, 327 N.E.2d 753 (1975), syllabus; accord Maitland v. Ford Motor Co., 103 Ohio St.3d 463, 816 N.E.2d 1061, 2004–Ohio–5717, ¶11; York v. Ohio State Highway Patrol, 60 Ohio St.3d 143, 144, 573 N.E.2d 1063 (1991).

{¶ 11} When a trial court considers a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the court must presume that all factual allegations contained in the complaint are true and must construe all reasonable inferences in favor of the nonmoving party. E.g., State ex rel. Talwar v. State Med. Bd. of Ohio, 104 Ohio St.3d 290, 2004–Ohio–6410, 819 N.E.2d 654, ¶5; Perez v. Cleveland, 66 Ohio St.3d 397, 399, 613 N.E.2d 199 (1993). Furthermore, a court that is reviewing a Civ.R. 12(B)(6) motion to dismiss "cannot rely on evidence or allegations outside the complaint." State ex rel. Fuqua v. Alexander, 79

Ohio St.3d 206, 207, 680 N.E.2d 985 (1997).[1]  When a party presents evidence outside the

pleadings, the trial court bears the "responsibility either to disregard [the] extraneous material or

to convert [the] motion to dismiss into a motion for summary judgment."  Keller v. Columbus,

100 Ohio St.3d 192, 2003–Ohio–5599, 797 N.E.2d 964, ¶18.  If the court converts the motion to

dismiss to one for summary judgment, the court must give the parties notice and a reasonable

opportunity to present all of the available evidence that Civ.R. 56(C) permits.  Civ.R. 12(B).

As the court aptly explained in Powell v. Vorys, Sater, Seymour & Pease (1998), 131 Ohio

App.3d 681, 684-685, 723 N.E.2d 596:

> "When a motion to dismiss presents matters outside the pleadings, the trial
>
> court may either exclude the extraneous matter from its consideration or treat the
>
> motion as one for summary judgment and dispose of it pursuant to Civ.R. 56.
>
> However, a trial court may not, on its own motion, convert a Civ.R. 12(B)(6)
>
> motion to dismiss to a motion for summary judgment and thus dispose of it
>
> without giving notice to the parties of its intent to do so and fully complying with
>
> Civ.R. 12(B) and Civ.R. 56 in its considerations.  Civ.R. 12(B); State ex rel.
>
> Baran v. Fuerst (1990), 55 Ohio St.3d 94, 97, 563 N.E.2d 713, 716. * * * *

---

[1]Civ.R. 12(B) provides:
    When a motion to dismiss for failure to state a claim
upon which relief can be granted presents matters outside
the pleading and such matters are not excluded by the court,
the motion shall be treated as a motion for summary judgment
and disposed of as provided in Rule 56.  Provided however,
that the court shall consider only such matters outside
the pleadings as are specifically enumerated in Rule 56.
 All parties shall be given reasonable opportunity to
present all materials made pertinent to such a motion by
Rule 56.

Failure to notify the parties that the court is converting a Civ.R. 12(B)(6) motion to dismiss into one for summary judgment is, itself, reversible error. State ex rel. Boggs v. Springfield Local School Dist. Bd. of Edn. (1995), 72 Ohio St.3d 94, 96, 647 N.E.2d 788, 791."

**{¶ 12}** Furthermore, "[i]t is well established that a Civ.R. 12(B)(6) motion is not the proper method for resolving a claim on the basis of res judicata because any res judicata analysis must necessarily examine pleadings beyond the complaint." Hutchinson v. Beazer East, Inc., 8th Dist. Cuyahoga Nos. 86635 and 87897, 2006-Ohio-6761, ¶15, citing State ex rel. Freeman v. Morris, 62 Ohio St.3d 107, 109, 579 N.E.2d 702 (1991), and Shaper v. Tracy, 73 Ohio St.3d 1211, 1212, 654 N.E.2d 1268 (1995). As the court explained in Freeman:

> "Civ.R. 8(C) designates res judicata an affirmative defense. Civ.R. 12(B) enumerates defenses that may be raised by motion and does not mention res judicata. Accordingly, we hold that the defense of res judicata may not be raised by motion to dismiss under Civ.R. 12(B)."

Id. at 109, citing Johnson v. Linder, 14 Ohio App.3d 412, 471 N.E.2d 815 (1984). "Instead, summary judgment is the preferred means by which to address res judicata." Hutchinson at ¶15, citing Cooper v. Highland Cty. Bd. of Commrs., 4th Dist. Highland No. 01CA15, 2002-Ohio-2353, ¶11.

**{¶ 13}** In the case at bar, appellees' motion to dismiss presented evidence outside the pleadings and appellant submitted evidence outside the pleadings in her memorandum opposing appellees' motion to dismiss. In deciding appellees' motion on the basis of res judicata, the trial court necessarily considered evidence outside the pleadings. Hutchinson at ¶15. Consequently, we believe that the trial court should have either refused to consider the extraneous evidence, or

converted the motion into a summary judgment motion and so notified the parties. The trial court, however, did neither.

{¶ 14} Although we believe that the trial court erred by treating appellees' motion as a summary judgment motion without notifying the parties, we will generally disregard the error as harmless if it does not affect the parties' substantial rights. Civ.R. 61; see State ex rel. Kaylor v. Bruening, 80 Ohio St.3d 142, 144, 684 N.E.2d 1228 (1997) (stating that error in considering Civ.R. 12(C) motion before close of pleadings harmless if dismissal under Civ.R. 12(B)(6) appropriate); State ex rel. Meyers v. Columbus, 71 Ohio St.3d 603, 605, 646 N.E.2d 173 (1995) ("[A] reviewing court is not authorized to reverse a correct judgment merely because erroneous reasons were assigned as a basis thereof."). Civ.R. 61 provides:

> No error * * * or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

{¶ 15} "[T]he preeminent purpose behind the conversion-notification requirement" is to "permit[] the nonmoving party sufficient opportunity to respond to a converted summary judgment motion." State ex rel. The V. Cos. v. Marshall, 81 Ohio St.3d 467, 472, 692 N.E.2d 198 (1998). "'The primary vice of unexpected conversion to summary judgment is that it denies the surprised party sufficient opportunity to discover and bring forward factual matters which

may become relevant only in the summary judgment, and not the dismissal, context.'"   Petrey v.

Simon, 4 Ohio St.3d 154, 155, 447 N.E.2d 1285 (1983), quoting Portland Retail Druggists Assn.

v. Kaiser Found. Health Plan, 662 F.2d 641, 645 (C.A.9, 1981).

{¶ 16}  Thus, a trial court's error in considering a Civ.R. 12(B)(6) motion as a summary

judgment motion generally does not affect the parties' substantial rights, and is therefore

harmless, when (1) both parties rely on evidence outside the complaint, (2) the non-moving party

had sufficient notice and opportunity to respond, and (3) no prejudice results.   Harris v.

Pro-Lawn Landscaping, Inc., 8th Dist. Cuyahoga No. 97302, 2012-Ohio-498, ¶10, citing EMC

Mtge. Corp. v. Jenkins, 164 Ohio App.3d 240, 2005–Ohio–5799, 841 N.E.2d 855, ¶¶12–14 (10th

Dist.); Goodwin v. T.J. Schimmoeller Trucking, 3rd Dist. Wyandot No. 16-07-08,

2008-Ohio-163, ¶11; Hutchinson, supra, at ¶16; Nicely v. Kline, 10th Dist. Franklin No.

05AP-825, 2006-Ohio-951, ¶23; see State ex rel. The V Cos. v. Marshall, 81 Ohio St.3d at 471

(holding that court's error converting Civ.R. 12(B)(6) motion into Civ.R. 56 motion without

notifying parties harmless error when complaining party invited error).

{¶ 17}  In the case sub judice, we believe that the trial court's actions constitutes harmless

error.   Appellant had sufficient notice and an opportunity to respond to appellees' motion.

Appellant filed her opposition memorandum ten days after appellees' filed their motion.   The

trial court did not issue a decision for approximately five months.   Had appellant wished to

submit additional evidence, she had sufficient time to do so.

{¶ 18}  Moreover, appellant also attached evidence outside the pleadings to her

opposition memorandum.   EMC Mtge. at ¶14 ("When a party opposing a motion to dismiss

based on matters outside the face of its complaint submits evidence outside the complaint in

opposition to the motion, the need for notice of the court's conversion of the motion to one for summary judgment no longer exists."). Furthermore, appellant did not object to the evidence that appellees attached to their motion. She also does not argue on appeal that the trial court improperly considered appellees' evidence. Thus, in light of all of the circumstances present in the case at bar, we believe that the trial court's decision to treat appellees' Civ.R. 12(B)(6) motion as a summary judgment motion constitutes harmless error.

{¶ 19} Consequently, because the trial court should have explicitly regarded appellees' motion as a summary judgment motion, we now examine whether the trial court's judgment in appellees' favor is appropriate under Civ.R. 56.

B

SUMMARY JUDGMENT

{¶ 20} Appellate courts generally review trial court summary judgment decisions de novo. E.g., Troyer v. Janis, 132 Ohio St.3d 229, 2012–Ohio–2406, 971 N.E.2d 862, ¶6; Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). In other words, an appellate court must independently review the record to determine if summary judgment is appropriate and need not defer to the trial court's decision. E.g., Brown v. Scioto Bd. of Commrs., 87 Ohio App.3d 704, 711, 622 N.E.2d 1153 (1993); Morehead v. Conley, 75 Ohio App.3d 409, 411–12, 599 N.E.2d 786 (1991). To determine whether a trial court properly granted a summary judgment motion, an appellate court must review the Civ.R. 56 summary judgment standard, as well as the applicable law. Civ. R. 56(C) provides in relevant part:

> Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action,

show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

{¶ 21} Thus, pursuant to Civ.R. 56, a trial court may not grant summary judgment unless evidence demonstrates that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and after viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. E.g., Smith v. McBride, 130 Ohio St.3d 51, 2011–Ohio–4674, 955 N.E.2d 954, ¶12; New Destiny Treatment Ctr., Inc. v. Wheeler, 129 Ohio St.3d 39, 2011–Ohio–2266, 950 N.E.2d 157, ¶24; Vahila v. Hall, 77 Ohio St.3d 421, 429–30, 674 N.E.2d 1164 (1997).

{¶ 22} Moreover, when considering a summary judgment motion, Civ.R. 56(C) provides that the court cannot consider any evidence except the "the pleading[s], depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action." "Documents that have not been sworn, certified, or authenticated by way of affidavit 'have no evidentiary value[.]'" Huntington Natl. Bank v. Legard, 9th Dist. Lorain No. 03CA008285, 2004-Ohio-323, ¶10, quoting Lance Acceptance Corp. v. Claudio, 9th Dist. Lorain No. 008201, 2003-Ohio-3503, ¶15. If, however, a party "fails to object to the admissibility of the evidence under Civ. R. 56, the court may, but need not, consider such evidence when it determines whether summary judgment is appropriate."

Worthington dba S.E.W. Maintenance v. Speedway SuperAmerica LLC, 4th Dist. Scioto No.

04CA2938, 2004-Ohio-5077, fn.1, citing Bowmer v. Dettelbach, 109 Ohio App.3d 680, 684, 672

N.E.2d 1081 (6th Dist. 1996); Crown Asset Mgt., L.L.C. v. Gaul, 4th Dist. Washington No.

08CA30, 2009-Ohio-2167, ¶12 (observing that failing to object to court's consideration of

improperly-submitted evidence in support of summary judgment constitutes waiver of any

alleged error).

{¶ 23}  In the case sub judice, both parties submitted evidence other than the type

specified in Civ.R. 56(C).   However, neither party objected to the evidence that the other

submitted.   Consequently, appellant waived any error that the trial court may have committed by

considering evidence other than the "pleading[s], depositions, answers to interrogatories, written

admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of

fact, if any."

C

RES JUDICATA

{¶ 24}  In her sole assignment of error, appellant asserts that the trial court erred by

dismissing her petition because the court wrongly determined that res judicata barred her petition.

 Appellant argues that the domestic relations court did not issue a final order and, thus, res

judicata does not prohibit the SOOPOs.   Appellant further argues that the juvenile court

proceedings are not "res judicata because they are not the same 'claims or causes of action'

presented by the SOOPOs."   Instead, appellant contends that her SOOPOs involve different

issues than the issues that the juvenile court considered.   She argues that whether appellee

committed a sexually oriented offense does not involve the same "claims or causes of action" as

the child custody proceedings in juvenile court.

{¶ 25} The doctrine of res judicata provides that a "'valid, final judgment rendered upon

the merits bars all subsequent actions based upon any claim arising out of the transaction or

occurrence that was the subject matter of the previous action.'" Kelm v. Kelm, 92 Ohio St.3d

223, 227, 749 N.E.2d 299 (2001), quoting Grava v. Parkman Twp., 73 Ohio St.3d 379, 653

N.E.2d 226 (1995), syllabus.

> "That a plaintiff changes the relief sought does not rescue the claim from being
> barred by res judicata: '"The rule * * * applies to extinguish a claim by the
> plaintiff against the defendant even though the plaintiff is prepared in the second
> action * * * [t]o seek remedies * * * not demanded in the first action."(Emphasis
> added.)' Grava, 73 Ohio St.3d at 383, 653 N.E.2d 226, quoting 1 Restatement of
> the Law 2d, Judgments (1982) 209, Section 25."

U.S. Bank Natl. Assn. v. Gullotta, 120 Ohio St.3d 399, 2008-Ohio-6268, 899 N.E.2d 987 (2008),

¶ 27. "The applicability of res judicata is a question of law that is subject to de novo review."

Althof v. State, 4th Dist. Gallia No. 04CA16, 2006–Ohio–502, ¶13; accord Bell v. Turner, 4th

Dist. Highland Nos. 12CA14 and 12CA15, 2013-Ohio-1323, ¶14.

{¶ 26} In determining whether a subsequent action arises out of the same transaction or

occurrence involved in a previous action, a court examines whether the actions share a

"'common nucleus of operative facts.'" Grava, 73 Ohio St.3d at 382, quoting 1 Restatement of

the Law 2d, Judgments (1982) 198–199, Section 24, Comment b.

> "'[T]o determine whether a second action is barred by a first, a court should
> consider the facts essential to the maintenance of each cause of action. If the
> same facts or evidence would sustain both, then the second action is barred by res
> judicata. If, however, the two cases rely upon different facts, a judgment in one
> case is no bar to the maintenance of the other. "Different facts" do not include

"different shadings of the facts" or an emphasis "of different elements of the facts." (Footnotes omitted .)'"

Beneficial Ohio, Inc. v. Parish, 4th Dist. Ross No. 11CA3210, 2012-Ohio-1146, ¶11, quoting

Geiger v. Westfield Natl. Ins. Co., 1 st Dist. No. C–080355, 2008–Ohio–6904, ¶7, citing

Norwood v. McDonald, 142 Ohio St. 299, 52 N.E.2d 67 (1943), reversed on other grounds in

Grava.

{¶ 27} In the case sub judice, appellant contends that res judicata does not apply because (1) the domestic relations court did not issue a final order, and (2) her SOOPOs involve different issues (i.e., ordering appellees to say away from the child) than the issues raised during the juvenile court proceedings (i.e., custody).   We disagree with appellant.[2]

{¶ 28} Appellant's abuse and neglect complaint and her SOOPOs involve a common nucleus of operative facts.   Both actions (1) claim that the child's father has sexually abused the child, (2) involve the same sexual abuse allegations, (3) seek to keep the father (and the grandmother) away from the child.   Appellant's assertion that res judicata cannot apply to the juvenile court's judgment because her SOOPO involves a different claim or cause of action is incorrect.   Gullotta, supra.   Her SOOPOs are "any claim" that arose out of the same sexual abuse allegations raised during the juvenile court proceedings.   Moreover, the SOOPOs do not

---

[2]Assuming, arguendo, that the domestic relations court did not enter a final order, we observe that "[t]he doctrine of res judicata does not apply to interlocutory orders."   Beck Durell Creative Dept., Inc. v. Imaging Power, Inc., 10th Dist. Franklin No. 02AP-281, 2002-Ohio-5908, citing Duff v. Donald M. Colasurd Co., L.P.A., (Sept. 19, 1991), Franklin App. No. 91AP-316; accord State ex rel. Commt. for the Referendum of Lorain Ordinance No. 77-01 v. Lorain Cty. Bd. of Elections, 96 Ohio St.3d 308, 2002-Ohio-4194, 774 N.E.2d 239, ¶33.

set forth any new allegations of sexual abuse.   Thus, no genuine issues of material fact remain regarding whether the juvenile court judgment operates to bar appellant's SOOPO. Additionally, appellees presented evidence that the juvenile court's order completely disposed of appellant's complaint.   Appellant did not assert that the juvenile court's judgment is a non-final order, or dispute that the juvenile court previously entered a valid judgment regarding appellant's abuse and neglect complaint.

{¶ 29} Appellant nevertheless attempts to create a new allegation of sexual abuse by referring to a 2011 report that an unknown person made in Pinnelas County, Florida.   The Pinnelas County report does not, however, contain any new sexual abuse allegations.   Instead, it simply rehashes the same sexual abuse allegations that appellant has made throughout the parties' lengthy custody battle and during the juvenile court proceedings.   A review of a 2011 report shows that it is based upon the same nucleus of operative facts that appellant raised during the juvenile court proceedings.   The 2011 report notes that in 2010, the state of Florida investigated sexual abuse allegations involving the father and the child and that those "allegations regarding the sexual abuse [are] identical to the current report."   The 2010 "narrative" section of the report observes that allegations of physical and sexual abuse were made in 2007 and again after the child returned from a visit with the father in the state of California. The 2010 report noted that "[t]here have been several reports made with the same allegations of sexual abuse in Ohio."   The report stated: "If another report is received with allegations of sexual abuse CPID should consider judicial action due to mental injury based on the numerous reports throughout three states.   The sex abuse allegations have been addressed with California,

Ohio, and Florida CPID.   TPD has also addressed allegations of sexual abuse as well.   The

statutes reflect that allegations regarding sexual abuse can only be address a number of times

before it can be considered harassment and leading a child's statements."

{¶ 30}  Again, the 2010 report does not contain any allegations of sexual abuse that

occurred after the juvenile court's judgment.   Thus, because appellant's SOOPOs arise out of the

same nucleus of operative facts as the abuse and neglect complaint, the juvenile court's judgment

bars her SOOPOs.

{¶ 31}  We further observe that although the juvenile court's judgment bars appellant's

SOOPO, R.C. 3109.04 does permit appellant to file a motion to modify custody if a change in

circumstances has, in fact, occurred.   Kelm v. Kelm, 92 Ohio St.3d 223, 227, 749 N.E.2d 299

(2001) (stating that "in the area of custody and visitation, we sacrifice finality and some of our

limited judicial resources in order to secure a higher value-the best interests of children").   R.C.

3109.04(E)(1)(a) allows modification when "a change has occurred in the circumstances of the

child, the child's residential parent, or either of the parents subject to a shared parenting decree,

and * * * modification is necessary to serve the best interest of the child."   We, however,

express no opinion regarding the merits of a motion to modify custody.

{¶ 32}  Accordingly, based upon the foregoing reasons, we hereby overrule appellant's

sole assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellees recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court, Domestic Relations Division, to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. & *Hendon, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele, Judge

**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.

*Judge Sylvia Hendon, First Appellate District, sitting by assignment of the Ohio Supreme Court in the Fourth Appellate District.