Fairchilds et al., Appellees, *v.* Miami Valley
Hospital, Inc., Appellant, et al.

[Cite as *Fairchilds v. Miami Valley Hosp., Inc.,*
109 Ohio St.3d 1229, 2006-Ohio-3055.]

(No. 2005–0929—Submitted April 26, 2006—Decided July 5, 2006.)

{¶ 1} The cause is dismissed, sua sponte, as having been improvidently accepted.

Moyer, C.J., Resnick, Pfeifer, O'Connor and Lanzinger, JJ., concur.

Lundberg Stratton and O'Donnell, JJ., dissent.

---

**Lundberg Stratton, J., dissenting.**

{¶ 2} I respectfully dissent. I believe that we should prevent the unfair and abusive use of Civ.R. 41 now. I agree with the dissenting judge below that the plaintiffs cannot nullify or dissolve a summary judgment decision, albeit interlocutory, by filing a Civ.R. 41(A) voluntary dismissal. Therefore, I would reverse the judgment of the court of appeals and enter final judgment in favor of Miami Valley Hospital, Inc. ("MVH").

{¶ 3} The plaintiffs filed a complaint in this case against defendants Angela Landis and MVH. On December 1, 2003, the trial court granted summary judgment (after converting a motion to dismiss into a motion for summary judgment at the request of plaintiffs' counsel) in favor of MVH and against plaintiffs on all claims. Because claims remained pending against defendant Landis, the trial court did not include Civ.R. 54(B) language signifying that there was no just reason for delay. The trial court's entry, however, did state that "MVH is hereby dismissed from the case *sub judice.*"

{¶ 4} On January 26, 2004, the day that trial was scheduled to begin on the remaining claims against defendant Landis, the plaintiffs filed a motion asking the court to reconsider or set aside its decision granting summary judgment in favor of MVH. Simultaneously, the plaintiffs filed a notice of voluntary dismissal

of the case without prejudice and subject to refiling pursuant to Civ.R. 41(A) against all party defendants—Angela Landis and MVH. MVH responded with a request for a final judgment entry, seeking an order that the court's decision granting the motion for summary judgment constituted a final, appealable order.

{¶ 5} In a 19–page decision, the trial court granted MVH's motion, concluding that the summary judgment decision became a final, appealable judgment when the plaintiffs filed the dismissal entry. The trial court concluded that despite the dismissal entry's language to the contrary, the plaintiffs' voluntary dismissal applied only to the remaining defendant, Landis. The lack of Civ.R. 54(B) language did not leave the otherwise final judgment subject to a Civ.R. 41(A) voluntary dismissal without prejudice.

{¶ 6} The plaintiffs admit that they were frustrated with discovery in the original case. They did refile the case a month later against both defendants. By their own admission, they used the system to avoid the unfavorable judgment and start afresh.

{¶ 7} In the refiled case, the plaintiffs settled with defendant Landis, and she was voluntarily dismissed. MVH again filed a motion to dismiss that was converted into a motion for summary judgment. The trial court granted the motion, concluding that the plaintiffs' claims were barred by res judicata.

{¶ 8} The plaintiffs appealed, arguing that there was no final judgment in the first case that could constitute res judicata in the second case. The court of appeals agreed, concluding that plaintiffs had properly dismissed both defendants in the original litigation, and that action prevented the interlocutory summary judgment from becoming a final decision in favor of MVH. The appellate court acknowledged that that result might violate a sense of fair play. Nevertheless, the court noted, the broad stroke of Civ.R. 41(A) authorizes a plaintiff to dismiss an action without prejudice at any point in the litigation prior to the commencement of trial.

{¶ 9} This court intends to refer this matter to the Supreme Court's Commission on the Rules of Practice and Procedure in light of the potential for abuse of Civ.R. 41(A). I agree that a rule amendment may be necessary. However, I believe that we should take action now to stop this abusive maneuvering by parties who want a second bite at the apple following an unfavorable interlocutory decision. A party who believes that it was unfairly denied discovery to defend a motion for summary judgment may appeal from that decision, but that party is not entitled to refile the entire case.

{¶ 10} In *Denham v. New Carlisle* (1999), 86 Ohio St.3d 594, 716 N.E.2d 184, we sanctioned a Civ.R. 41(A) voluntary dismissal of fewer than all of the defendants in a case, and we held that that dismissal caused an interlocutory summary judgment order in favor of the remaining defendant to become final and

appealable.  I would hold that the plaintiffs' voluntary dismissal applied to Landis only and extend the reasoning of *Denham* to finalize the summary judgment in favor of MVH. Therefore, I respectfully dissent.

O'DONNELL, J., concurs in the foregoing dissenting opinion.

---

Brannon & Associates and Dwight Brannon;  and Lopez, Kemmer, Severt & Pratt Co., L.P.A., Jose M. Lopez, and Christopher D. Clark, for appellees.

Freund, Freeze & Arnold, Neil F. Freund, and Vaseem S. Hadi, for appellant.

Volkema, Thomas, Miller, Burkett, Scott & Merry and Michael S. Miller, urging affirmance on behalf of amicus curiae, Ohio Academy of Trial Lawyers.