JUDGEMENT:
 REVERSED AND REMANDED
{¶ 1} In this consolidated appeal, Wenton and Marie Hutchinson ("the Hutchinsons"), appeal the trial court's decision granting judgment in favor of defendant-appellee, Tasco Insulation, Inc. ("Tasco"). Finding merit to the appeal, we reverse and remand for further proceedings.
 {¶ 2} In 2001, the Hutchinsons filed suit against Tasco and numerous defendants alleging that the use of asbestos-containing materials caused Wenton Hutchinson to develop cancer. ("Hutchinson I"). Tasco moved for summary judgment, alleging that the Hutchinsons failed to identify that Tasco's product caused the injury.
 {¶ 3} Subsequently, the Hutchinsons moved to amend their complaint to add a count for "spoliation of evidence" against Tasco. Tasco moved to strike the amended complaint, arguing that it was untimely because trial was set the following week. Tasco also claimed that the amended complaint failed to allege a prima facie case for spoliation of evidence.
 {¶ 4} The court conducted a hearing on both Tasco's motion for summary judgment and the Hutchinsons' motion to amend their complaint. During the hearing, the court considered arguments pertaining to Tasco's motion for summary judgment and those pertaining to the Hutchinsons' alleged spoliation of evidence claim.
 {¶ 5} Following the hearing, the trial court denied the Hutchinsons' motion to amend their complaint to add the spoliation claim. The court also granted Tasco's motion for summary judgment, reasoning that "Tasco was not identified in connection with any asbestos containing products." This judgment entry did not include Civ. R. 54(B) language needed for a final appealable order.
 {¶ 6} The case against the remaining defendants proceeded, and prior to the empaneling of the jury in the case against Beazer East, the Hutchinsons orally dismissed their case pursuant to Civ. R. 41. A nunc pro tunc entry reflecting this dismissal stated:
 "On April 7, 2003, the case was called for trial. A jury was ordered. Prior to empaneling and swearing the jury, the plaintiff, in open court and on the record, dismissed the case without prejudice pursuant to Civ. R. 41(A), subject to the right to refile within one year."
 {¶ 7} Prior to the dismissal, the Hutchinsons did not appeal any previous court orders, including the granting of Tasco's motion for summary judgment and the court's decision denying their motion to amend the complaint.
 {¶ 8} On April 15, 2003, the Hutchinsons refiled their complaint against Tasco and other defendants, asserting claims of negligence, strict liability, breach of warranty, loss of consortium, and punitive damages. ("Hutchinson II"). This complaint also alleged a claim against Tasco for spoliation of evidence.
 {¶ 9} Tasco moved to dismiss this complaint pursuant to Civ. R. 12(B)(6) based on the doctrine of res judicata. Alternatively, Tasco moved to dismiss the claim for spoliation of evidence. Tasco argued that the Hutchinsons' claims were barred by res judicata because they were fully adjudicated in Hutchinson I when the trial court granted Tasco's motion for summary judgment. In addition, Tasco claimed that res judicata also barred the Hutchinsons' claim for spoliation of evidence because the claim was fully adjudicated in Hutchinson I. They argued, in the alternative, that the Hutchinsons failed to state a claim for spoliation of evidence in their complaint. Although the Hutchinsons acknowledged that the court previously granted Tasco summary judgment, they denied that the spoliation of evidence claim had been fully adjudicated on the merits.
 {¶ 10} Following a hearing on Tasco's motion, the court dismissed the action against Tasco based on the doctrine of res judicata, stating that, "The doctrine of res judicata prevents Plaintiff from maintaining the instant lawsuit since Tasco was granted summary judgment on all claims in Plaintiff's original lawsuit * * *."
 {¶ 11} The Hutchinsons then filed a Civ. R. 60(B) motion for relief from judgment, arguing that their Civ. R. 41 voluntary dismissal inHutchinson I nullified the trial court's interlocutory orders granting Tasco's motion for summary judgment and denying their motion to amend the complaint to add a claim for spoliation. The Hutchinsons also filed a notice of appeal of the trial court's decision granting Tasco's motion to dismiss in Hutchinson II. That appeal is designated Case No. 86635.
 {¶ 12} This court granted a limited remand to the trial court for the purpose of ruling on the Hutchinsons' Civ. R. 60(B) motion. The trial court denied the motion and the Hutchinsons have appealed that decision, which is designated Case No. 87897. The two cases have been consolidated for purposes of argument and disposition.
 {¶ 13} The Hutchinsons argue in their sole assignment of error that the trial court erred in granting judgment in favor of Tasco on the basis of res judicata.
 {¶ 14} In order to prevail on a Civ. R. 12(B)(6) motion, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recover. A court is confined to the averments set forth in the complaint and cannot consider outside evidentiary materials. Greeley v. Miami Valley Maintenance Contrs. Inc. (1990),49 Ohio St.3d 228, 551 N.E.2d 981; Wickliffe Country Place v. Kovacs,146 Ohio App.3d 293, 2001-Ohio-4302, 765 N.E.2d 975. Moreover, a court must presume that all factual allegations set forth in the complaint are true and must make all reasonable inferences in favor of the nonmoving party.Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190, 532 N.E.2d 753.
 {¶ 15} We note initially that the trial court should have converted the Hutchinsons' motion to dismiss to a motion for summary judgment when it considered materials and evidence outside of the complaint. See, Civ. R. 12(B). It is well established that a Civ. R. 12(B)(6) motion is not the proper method for resolving a claim on the basis of res judicata, because any res judicata analysis must necessarily examine pleadings beyond the complaint. State ex rel. Freeman v. Morris (1991),62 Ohio St.3d 107, 109, 579 N.E.2d 702; Shaper v. Tracy,73 Ohio St.3d 1211, 1212, 1995-Ohio-37, 654 N.E.2d 1268. Further, in Freeman, the Ohio Supreme Court stated: "Civ. R. 8(C) designates res judicata an affirmative defense. Civ. R. 12(B) enumerates defenses that may be raised by motion and does not mention res judicata. Accordingly, we hold that the defense of res judicata may not be raised by motion to dismiss under Civ. R. 12(B)." Id., citing Johnson v. Linder (1984), 14 Ohio App.3d 412,471 N.E.2d 815. Instead, summary judgment is the preferred means by which to address res judicata. Cooper v. Highland Cty. Bd. ofCommrs., Highland App. No. 01CA15, 2002-Ohio-2353, ¶ 11.
 {¶ 16} Nevertheless, we consider the court's error harmless because the court afforded both parties a reasonable opportunity to present matters outside the pleadings at the oral hearing on Tasco's motion to dismiss. See, e.g. Ins. Co. of N. Am. v. Reese Refrig. (1993),89 Ohio App.3d 787, 793, 627 N.E.2d 637. Furthermore, neither party has raised this issue on appeal. Accordingly, we review this matter de novo.
 {¶ 17} The Hutchinsons first argue on appeal that the trial court erred in granting Tasco's motion to dismiss based on res judicata inHutchinson II because the court's decision granting summary judgment in favor of Tasco and the court's decision denying their motion to amend the complaint in Hutchinson I never became final appealable orders.
 {¶ 18} Where there are multiple claims and/or multiple parties to an action, an order of a court is a final appealable order only if the requirements of both R.C. 2505.02 and Civ. R. 54(B) are met. ChefItaliano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86,541 N.E.2d 64, syllabus. Civ. R. 54(B) provides:
"When more than one claim for relief is presented in an action* * *, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order * * * which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties * * *."
 {¶ 19} An order that neither disposes of all parties and/or claims between the parties nor contains an express determination that there is no just reason for delay is an interlocutory order. Civ. R. 54(B);Kvinta v. Kvinta, Franklin App. No. 02AP-836, 2003-Ohio-2884, at ¶ 20. An order of a trial court granting summary judgment but not containing Civ. R. 54(B) language that there is no just reason for delay is interlocutory. See Jackson v. Allstate Ins. Co., Montgomery App. No. 20443, 2004-Ohio-5775, at ¶ 18.
 {¶ 20} When an order of a trial court is interlocutory, the order remains subject to revision or modification by the trial court until and unless the order is certified as suitable for appeal, or the action is finally terminated as to all claims and all parties. Chef Italiano, supra at 90; Kocijan v. S N, Inc., Cuyahoga App. No. 80414, 2002-Ohio-3775. Once a final judgment is issued terminating a case, all interlocutory orders are merged into the final judgment of the court and become appealable. Marc Glassman, Inc. v. Fagan, Cuyahoga App. No. 87164, 2006-Ohio-5577, citing MacConnell v. Safeco Prop., Montgomery App. No. 21147, 2006-Ohio-2910. However, a voluntary dismissal pursuant to Civ. R. 41(A) may dissolve all interlocutory orders.
 {¶ 21} Civ. R. 41(A) provides that a plaintiff, without order of the court, may voluntarily dismiss all claims asserted against a defendant by filing a notice of dismissal at any time before the commencement of trial. Such a dismissal is without prejudice unless the claims were previously dismissed, then it operates as an adjudication on the merits.
 {¶ 22} In Denham v. City of New Carlisle, 86 Ohio St.3d 594, 597,1999-Ohio-128, 716 N.E.2d 184, the Ohio Supreme Court held that "a voluntary dismissal pursuant to Civ. R. 41(A) renders the parties as if no suit had ever been filed against only the dismissed parties."
 {¶ 23} Consistent with this holding, Ohio courts have held that when an entire action is dismissed without prejudice pursuant to Civ. R. 41(A), as opposed to only certain claims or parties, interlocutory orders which do not contain Civ. R. 54(B) language that there is no just reason for delay are dissolved and are not appealable. Cleveland Indus.Square, Inc. v. Dzina, Cuyahoga App. Nos. 85336, 85337, 85422, 85423, 85441, 2006-Ohio-1095, citing Fairchilds v. Miami Valley Hosp.,Inc., 160 Ohio App.3d 363, 2005-Ohio-1712, 827 N.E.2d 381, appeal dismissed as improvidently allowed, 109 Ohio St.3d 1229, 2006-Ohio-3055,849 N.E.2d 292, Stratton, J. dissenting; Toledo Heart Surgeons v. TheToledo Hospital, Lucas App. No. L-02-1059, 2002-Ohio-3577; CharlesGruenspan Co., L.P.A. v. Thompson (Oct. 12, 2000), Cuyahoga App. No. 77276.
 {¶ 24} Therefore, whether a voluntary dismissal pursuant to Civ. R. 41(A) dissolves interlocutory orders depends on whether the plaintiff dismisses the entire case or dismisses only certain parties. The significance of the distinction determines whether the doctrine of res judicata applies. As stated in Toledo Heart Surgeons, a dissolved order has no res judicata effect. Id. at Tj 28.
 {¶ 25} In the instant case, the trial court's decision granting summary judgment in favor of Tasco in Hutchinson I was an interlocutory order because the trial court did not enter Civ. R. 54(B) certification that there was no just reason for delay, considering there were multiple parties involved and an adjudication on fewer than all claims was made. This is not in dispute in the instant case. Rather, the parties dispute whether the Hutchinsons dismissed their case in its entirety against all parties or dismissed their case only against Beazer East.
 {¶ 26} Tasco argues that the facts and the record establish that the Hutchinsons dismissed only the remaining parties, and therefore the holding in Denham applies, and the Hutchinsons' subsequent complaint filed in Hutchinson II should be dismissed under the doctrine of res judicata. However, the Hutchinsons argue that the record shows that they dismissed their entire case without prejudice and thus, the holding inFairchilds applies, and res judicata does not bar the refiling of the complaint in Hutchinson II. Therefore, this appeal hinges on the Hutchinsons' oral dismissal at the April 7, 2003 hearing and the court's subsequent nunc pro tunc journal entry.
 {¶ 27} The court's journal entry addressing the April 2003 dismissal of Hutchinson I states:
 "On April 7, 2003, the case was called for trial. A jury was ordered. Prior to empaneling and swearing the jury, the plaintiff, in open court and on the record, dismissed the case without prejudice pursuant to Civ. R. 41(A), subject to the right to refile within one year."
 {¶ 28} Tasco argues that the dismissal applied only to defendant, Beazer East. They make this assertion based on a statement contained in the Hutchinsons' "Pretrial Statement and Case History," wherein they stated: "On April 7, 2003 Plaintiffs voluntarily dismissed the Hutchinson case against Beazer East pursuant to Civ. R. 41(A)." However, the Hutchinsons claim that the court's entry demonstrates that the case was dismissed in its entirety.
 {¶ 29} This is a case of "he said, she said," where the evidence needed to resolve this dispute, the transcript of the April 7, 2003 hearing, has not been provided to this court. Nevertheless, the court's entry clearly states that the "case" was dismissed "without prejudice pursuant to Civ. R. 41(A)." It is axiomatic that in Ohio a court speaks through its journal entries. State v. King (1994), 70 Ohio St.3d 158,637 N.E.2d 903. See, also, State ex rel. Worcester v. Donnellon (1990),49 Ohio St.3d 117, 551 N.E.2d 183. Absent any transcript showing that the oral motion made by the Hutchinsons at trial applied only to Beazer East, we cannot say that the case was dismissed solely as to Beazer East.
 {¶ 30} Although Tasco argues that the Hutchinsons "admitted" in their Pretrial Statement and Case History that the case was dismissed as to Beazer East only, Tasco had the duty at that point to ask the trial court pursuant to Civ. R. 60(A) to correct the record as it pertained to the alleged clerical mistake contained in the journal entry inHutchinson I. Moreover, Tasco could have, on appeal, asked for a correction of the record pursuant to App. R. 9(E). However, Tasco has failed to take any steps to remedy this alleged error.
 {¶ 31} Furthermore, Tasco could have asked the trial court to include Civ. R. 54(B) language when granting its summary judgment motion in order to allow immediate appellate review of the summary judgment inHutchinson I. Again, Tasco did not do so. They now ask this court to give preference to the Hutchinsons' statement found in a "Pretrial Statement and Case History," rather than the court's unambiguous journal entry. We decline to do so.
 {¶ 32} This court recently considered facts similar to those in the instant case in Cleveland Industrial Square, supra. In that case, the parties disputed whether the judgment entry dismissed the entire action without prejudice, or dismissed only the remaining party. Id. at _40. This court found that, because the journal entry addressing the dismissal stated that the "case" was dismissed without prejudice, "a good faith argument could be made under existing law that the claims raised herein are not barred by res judicata because the interlocutory order dismissing the claim * * * was dissolved." Id. at _43. We have consistently followed this view that a voluntary dismissal of the entire case pursuant to Civ. R. 41(A) dissolves all prior interlocutory orders made by the trial court in that action, including orders of summary judgment. See, Marc Glassman, Inc. supra; Witt v. Lamson, Cuyahoga App. No. 87349, 2006-Ohio-3963, Cleveland Indus. Square, supra; Harper v.Metrohealth Med. Ctr, Cuyahoga App. No. 81048, 2002-Ohio-5861;Thompson, supra.
 {¶ 33} Although we are bound by this court's precedent, we reiterate our agreement with the court in Jackson, supra, and more recently, the dissent in Fairchilds v. Miami Valley Hosp., Inc., 109 Ohio St.3d 1229,2006-Ohio-3055, 849 N.E.2d 292, Stratton, J. dissenting. Because Civ. R. 41, as written, is open to potential abuse, "the Rules Advisory Committee of the Supreme Court of Ohio may wish to reconsider the wisdom of allowing voluntary dismissals, without prejudice, at this late stage of a litigation." Jackson, supra at ¶ 33.
 {¶ 34} Therefore, because the Hutchinsons dismissed the entire case pursuant to Civ. R. 41(A) and not just a party, all interlocutory orders, including the court's orders granting summary judgment in favor of Tasco and denying the motion to amend, are dissolved and have no res judicata effect. Accordingly, the trial court erred in dismissing the Hutchinsons' complaint against Tasco based on res judicata. Our decision renders moot the appeal of the denial of the Hutchinsons' Civ. R. 60(B) motion for relief from judgment.
 Spoliation {¶ 35} Tasco raised as an alternate argument in its motion to dismiss that the Hutchinsons' spoliation claim should be dismissed under Civ. R. 12(B)(6) for failure to state a claim upon which relief can be granted. We find that this argument is not ripe for our review because the trial court did not consider Tasco's alternate argument. It is well established that an appellate court will not rule on questions not considered by a trial court. Ochsmann v. Great Am. Ins. Co., Franklin App. No. 02AP-1265, 2003-Ohio-4679, citing Mills-Jennings, Inc. v. Dept.of Liquor Control (1982), 70 Ohio St.2d 95, 99, 435 N.E.2d 407. Thus, we decline to address this argument for the first time on appeal.
 {¶ 36} Accordingly, the sole assignment of error is sustained.
Judgment reversed and case remanded.
It is, therefore, ordered that appellants recover of appellees the costs herein.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., P.J. and CHRISTINE T. McMONAGLE, J. CONCUR