[Cite as *Bradley v. Dollar Gen.*, 2012-Ohio-3700.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| SCOTT BRADLEY, ET AL. | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiffs-Appellants | : | Hon. William B. Hoffman, J. |
| | : | Hon. Julie A. Edwards, J. |
| -vs- | : | |
| | : | Case No. 11-CA-45 |
| DOLLAR GENERAL, ET AL. | : | |
| | : | |
| | : | |
| Defendants-Appellees | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Fairfield County Court of
                             Common Pleas, Case No. 08 CV 1167


JUDGMENT:                    DISMISSED


DATE OF JUDGMENT ENTRY:      August 8, 2012


APPEARANCES:

For Appellants:                           For Appellee:

DANIEL N. ABRAHAM                         D. PATRICK KASSON
ELENI A. DRAKATOS                         ZACHARY PYERS
536 S. High St.                           65 E. State St., 4th Floor
Columbus, OH 43215                        Columbus, OH 43215

                                          CHRISTINA J. MARSHALL
                                          LAWRENCE A. SUTTER
                                          3600 Erieview Tower
                                          1301 E. 9th St.
                                          Cleveland, OH 44114

*Delaney, P.J.*

{¶1}  Plaintiffs-Appellants Scott D. Bradley, Crystal Bradley, and Scott D. Bradley on behalf of J.P.P. appeal the August 12, 2011 judgment entry of the Fairfield County Court of Common Pleas granting summary judgment in favor of Defendant-Appellee Dolgencorp, Inc. d/b/a Dollar General.

### FACTS AND PROCEDURAL HISTORY

{¶2}  Crystal and Scott Bradley are the parents of J.P.P.

{¶3}  In 2006, Crystal purchased a three-quart saucepan from the Dollar General store.  The saucepan contained labels from M.E. Heuck and Dollar General.

{¶4}  In May 2006, Crystal used the saucepan to boil water with noodles. Crystal removed the saucepan from the stove and took the pan to the sink to drain the boiling water from the noodles.  The saucepan handle broke as she was carrying the saucepan to the sink.  J.P.P., a toddler at the time, was in the kitchen with his mother. Boiling water spilled from the saucepan on to J.P.P., causing injuries to J.P.P.

{¶5}  On December 27, 2006, the Bradleys filed their complaint in the Franklin County Court of Common Pleas alleging various product liability claims.  The Bradleys named Dollar General, Dolgencorp, Inc., M.E. Heuck & Co., Rachana Industries, Giri Industries, Royal Enterprises, R K Corporation, and John Does 1-10 as Defendants. Dollar General, Dolgencorp, Inc. and M.E. Heuck & Co. filed Answers to the Complaint.[1]  The Bradleys obtained service on Royal Enterprises, M S Rachana Industries, and R K Corporation, all located in India.

---

[1] Dolgencorp, Inc. does business as "Dollar General."  Dolgencorp, Inc. and Dollar General are used interchangeably in the trial court proceeding.

{¶6} Dolgencorp filed a motion to change venue to Fairfield County on February 20, 2007.

{¶7} While the motion to change venue was pending before the Franklin County Court of Common Pleas, Heuck filed a motion for summary judgment.

{¶8} On August 21, 2008, the Franklin County Court of Common Pleas granted the motion to change venue to the Fairfield County Court of Common Pleas. The case was transferred to the Fairfield County Court of Common Pleas on September 17, 2008. The Bradleys filed their First Amended Complaint on October 17, 2008. Dolgencorp, Inc. d/b/a Dollar General and Heuck filed Answers to the First Amended Complaint.

{¶9} Heuck refiled its motion for summary judgment on February 2, 2009. Dolgencorp filed a response on February 20, 2009. The trial court denied the Heuck's motion for summary judgment on April 1, 2009.

{¶10} Dolgencorp filed a motion for summary judgment on punitive damages on May 5, 2010. On August 18, 2010, the trial court granted Dolgencorp's motion to hold in abeyance its motion for summary judgment on punitive damages.

{¶11} The Bradleys moved for and were granted default judgment against Defendants Royal Enterprises and Rachana Industries on June 21, 2010. No damages were awarded.

{¶12} On June 23, 2010 and June 24, 2010, Dolgencorp filed separate motions for summary judgment arguing they were entitled to judgment on the following issues: 1) Plaintiffs' claims pursuant R.C. 2307.78(B)(1), (2), and (7); 2) Plaintiffs'

claims pursuant to R.C. 2307.78(A) and common law product liability claims; and 3) indemnification by Heuck.

{¶13} The Bradleys filed their six motions for partial summary judgment on June 24, 2011, arguing they were entitled to judgment under the following claims: 1) the issue of defective product and proximate cause; 2) the issue of supplier liability pursuant to R.C. 2307.78(A)(1); 3) R.C. 2307.78(B)(1); 4) R.C. 2307.78(B)(2); 5) R.C. 2307.78(B)(7); and 6) R.C. 2307.78(B)(6).

{¶14} The parties filed responses to the motions for summary judgment.

{¶15} On July 12, 2011, Heuck filed a motion for a declaration of unconscionability pursuant to R.C. 1302.15.

{¶16} On August 12, 2011, the trial court issued a summary decision on the pending procedural motions and motions for summary judgment. The trial court denied the Bradleys' six motions for partial summary judgment. The trial court granted Dolgencorp's motions for summary judgment pursuant to R.C. 2307.78(B)(1), (2), and (7) and pursuant to R.C. 2307.78(A). The trial court held Dolgencorp's summary judgment on the issue of indemnification against Heuck in abeyance. The trial court also held Heuck's motion for declaration of unconscionability in abeyance. The trial court concluded the judgment entry by stating, "[u]pon consideration, and based on the court's rulings as set forth above, specifically this court's ruling on the parties' respective Motions for Summary Judgment as to R.C. 2307.78(B)(2), the Jury Trial in this matter, presently scheduled to begin on August 23, 2011 is hereby CANCELLED. This matter shall proceed accordingly with proceedings consistent with this court's rulings." The August 12, 2011 judgment entry did not contain any Civ.R.

54(B) language stating the judgment entry was a final, appealable order nor was there language stating there was no just cause for delay.

{¶17} On August 15, 2011, the Bradleys filed a Notice of Dismissal pursuant to Civ.R. 41(A)(1). The notice stated the Bradleys voluntarily dismissed all claims against all defendants in the case, without prejudice, and otherwise on the merits with the right to re-file said claims within one year.

{¶18} The Bradleys filed a Notice of Appeal of the trial court's August 12, 2011 judgment entry.

## ASSIGNMENTS OF ERROR

{¶19} The Bradleys raise one Assignment of Error:

{¶20} "THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT IN FAVOR OF APPELLEE DOLLAR GENERAL."

## ANALYSIS

### *SUBJECT MATTER JURISDICTION*

{¶21} As a preliminary matter, we must first determine whether the order under review is a final, appealable order. If an order is not final and appealable, then we have no jurisdiction to review the matter and must dismiss it. *See Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.,* 44 Ohio St.3d 17, 20, 540 N.E.2d 266, (1989). In the event that the parties to the appeal do not raise this jurisdictional issue, we may raise it sua sponte. *See Chef Italiano Corp. v. Kent State Univ.,* 44 Ohio St.3d 86, 541 N.E.2d 64, (1989), syllabus; *Whitaker–Merrell v. Carl M. Geupel Const. Co.,* 29 Ohio St.2d 184, 186, 280 N.E.2d 922, (1972). In this case, the Bradleys have raised the issue of jurisdiction but

have not argued this Court's jurisdiction to review the August 12, 2011 judgment entry as a separate assignment of error.

{¶22} An appellate court has jurisdiction to review and affirm, modify, or reverse judgments or final orders of the trial courts within its district. See Section 3(B)(2), Article IV, Ohio Constitution; see also R.C. 2505.02 and *Fertec, LLC v. BBC & M Engineering, Inc.,* 10th Dist. No. 08AP–998, 2009–Ohio–5246. If an order is not final and appealable, then we have no jurisdiction to review the matter and must dismiss it. *See Gen. Acc. Ins. Co., supra* at 20.

{¶23} When determining whether a judgment or order is final and appealable, an appellate court engages in a two-step analysis. First, we must determine if the order is final within the requirements of R.C. 2505.02. Second, if the order satisfies the requirements of R.C. 2505.02, we must determine whether Civ.R. 54(B) applies and, if so, whether the order contains a certification that there is no just reason for delay. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 21, 540 N.E.2d 266 (1989). In order to be final and appealable, the order must comply with R.C. 2505.02 *and* Civ.R. 54(B). *Shearer v. Director O.D.J.F.S.*, 5th Dist. No. 2011AP070033, 2012-Ohio-2294, ¶ 22.

{¶24} To constitute a final order, an order must fit into one of the categories in R.C. 2505.02(B), which provides in pertinent part:

(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

* * *

(4) An order that grants or denies a provisional remedy and to which both of the following apply:

(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

* * *

{¶25} Civ. R. 54(B) provides for entry of a final order when the claims of all parties have not been adjudicated upon a finding of no just cause for delay. The rule states:

(B) Judgment upon multiple claims or involving multiple parties. When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision,

however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

{¶26} In the case sub judice, there are multiple claims and multiple parties. The Bradleys named as defendants Dollar General, Dolgencorp, Inc. d/b/a Dollar General, M.E. Heuck & Co., Rachana Industries, Giri Industries, R.K. Corporation, and Royal Industries in the First Amended Complaint. The Bradleys claimed negligence as to all defendants, products liability as to all defendants, breach of implied warranty as to all defendants, breach of express warranty as to all defendants, and punitive damages as to all defendants. Dolgencorp, Inc. d/b/a Dollar General and Heuck filed Answers to the First Amended Complaint.

{¶27} The Bradleys obtained service on Royal Enterprises and Rachana Industries. These parties did not file an answer to the First Amended Complaint and the Bradleys moved for default judgment on June 21, 2010. The trial court granted default judgment on June 21, 2010, but did not determine damages.

{¶28} A review of record shows the August 12, 2011 judgment entry adjudicated fewer than all the claims. The judgment entry granted summary judgment in favor of Dolgencorp against the claims raised by the Bradleys' in their First Amended Complaint. The judgment entry further denied the Bradleys' partial motions for summary judgment. The August 2, 2011 judgment entry and a review of the record

show, however, no resolution of the claims against Heuck. All claims against Heuck remain pending before the trial court.

{¶29} Further, the trial court did not include the Civ.R. 54(B) language on the August 12, 2011 judgment entry. By the trial court's concluding statement that the matter was to proceed accordingly based on its rulings, it is apparent the trial court did not intend to create a final, appealable order on August 12, 2011.

{¶30} To be a final, appealable order, the order must comply with both R.C. 2505.02 and Civ.R. 54(B). The August 12, 2011 summary judgment decision does not. Accordingly, pursuant to R.C. 2505.02 and Civ.R. 54(B), the judgment entry granting summary judgment in favor of Dolgencorp was not a final, appealable order but rather an interlocutory order.

*INTERLOCUTORY ORDER & CIV.R. 41(A)(1) DISMISSAL*

{¶31} Dolgencorp argues, however, when the Bradleys voluntarily dismissed all claims against all defendants pursuant to Civ.R. 41(A)(1), the August 12, 2011 interlocutory summary judgment decision became a final, appealable order as to Dolgencorp. The Bradleys conversely argue their voluntary dismissal of all parties and all claims renders the August 12, 2011 interlocutory summary judgment decision a nullity. Based on the authority of *Denham v. City of New Carlisle*, 86 Ohio St.3d 594, 716 N.E.2d 184 (1999), we agree with the Bradleys' argument.

{¶32} Civ.R. 41(A)(1) states:

(1) By plaintiff; by stipulation. Subject to the provisions of Civ. R. 23(E),

Civ. R. 23.1, and Civ. R. 66, a plaintiff, without order of court, may

dismiss all claims asserted by that plaintiff against a defendant by doing either of the following:

(a) filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by that defendant;

(b) filing a stipulation of dismissal signed by all parties who have appeared in the action.

Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits of any claim that the plaintiff has once dismissed in any court.

{¶33} The Ohio Supreme Court in *Denham v. City of New Carlisle*, 86 Ohio St.3d 594, 716 N.E.2d 184 (1999) reviewed Civ.R. 41(A)(1) as to its effect on an interlocutory summary judgment decision. The trial court in *Denham* granted summary judgment in favor of one of the several defendants in a civil action, without including Civ.R. 54(B) certification. The plaintiff dismissed the remaining defendants pursuant to Civ.R. 41(A)(1). The Ohio Supreme Court held the following:

We interpret this language to mean that a Civ.R. 41 dismissal dismisses all claims against the defendant designated in the dismissal notice and does not apply to defendants named in the complaint who are not designated in the notice of dismissal.

This court has previously stated its desire to avoid piecemeal litigation. *Gen. Elec. Supply Co. v. Warden Elec., Inc.* (1988), 38 Ohio St.3d 378, 380, 381-382, 528 N.E.2d 195, 197-198. However, in this case all the remaining parties to the suit have been dismissed. Therefore, the only issue to be determined is whether New Carlisle may be liable to Denham. This further supports the contention that a Civ.R. 41(A) dismissal should be construed to render the parties as if no suit had ever been brought, but only with respect to the parties dismissed. For these reasons we find that a Civ.R. 41(A) dismissal nullifies the action only with respect to those parties dismissed from the suit.

Because we hold that a voluntary dismissal pursuant to Civ.R. 41(A) renders the parties as if no suit had ever been filed against only the dismissed parties, the trial court's summary judgment decision meets the requirements of Civ.R. 54(B). Therefore, the trial court's summary judgment decision is a final appealable order.

For all of the aforementioned reasons, we hold that a trial court's decision granting summary judgment based on immunity for one of several defendants in a civil action becomes a final appealable order when the plaintiff voluntarily dismisses the remaining parties to the suit pursuant to Civ.R. 41(A)(1).

*Denham*, at 597.

{¶34} The Second District Court of Appeals applied *Denham* in *Fairchilds v. Miami Valley Hospital, Inc.*, 160 Ohio App.3d 363, 2005-Ohio-1712 (2nd Dist.). In

*Fairchilds*, the plaintiffs brought a cause of action against two defendants. The trial court granted summary judgment as to the two defendants, leaving only a negligence claim pending. The plaintiffs voluntarily dismissed their entire case without prejudice as to all party defendants. The plaintiffs refiled their complaint against the two defendants. The defendants moved for summary judgment arguing res judicata barred the claims in the refiled complaint. The trial court agreed and granted summary judgment in favor of the defendants. *Id*. at ¶ 10-20.

{¶35} The Second District reversed the decision of the trial court. It held that under the rationale of *Denham*, a voluntary dismissal of all defendants renders a prior interlocutory summary judgment ruling a nullity. *Id*. at ¶ 44. The matter was appealed to the Ohio Supreme Court. On July 5, 2006, the Ohio Supreme Court dismissed the appeal, sua sponte, as having been improvidently accepted. *Fairchilds v. Miami Valley Hospital, Inc*., 109 Ohio St.3d 1229, 2006-Ohio-3055, 849 N.E.2d 292.

{¶36} The Eighth Appellate District, Eleventh, Second, Sixth, Ninth, and Tenth Districts have concluded that a voluntary dismissal of all defendants renders a prior interlocutory summary judgment ruling a nullity. *Toledo Heart Surgeons v. The Toledo Hosp*., 6th Dist. No. L-02-1059, 2002-Ohio-3577; *Ohio Farmers Ins. Co. v. Modine Mfg*., 9th Dist. Nos. 3114-M and 3116-M, 2001 WL 1011959 (Sept. 5, 2001); *State ex rel. Mogavero v. Belskis*, 10th Dist. No. 02AP164, 2002-Ohio-6497; *Fox v. Kraws*, 11th Dist. No. 2009-L-157, 2009-Ohio-6860; *Klosterman v. Turnkey-Ohio, LLC*, 10th Dist. No. 10AP-162, 2010-Ohio-3620.

{¶37} Dolgencorp directs this Court to our decision in *The Carter-Jones Lumber Co., dba, Carter Lumber Co., v. B & A Building Services, Inc*., 5th Dist. No.

07CA000003, 2008-Ohio-21, to show that this Court has reached an opposite conclusion as to the effect of a voluntary dismissal on an interlocutory order.

{¶38} In *Carter-Jones*, the plaintiff filed a complaint in the Mount Vernon Municipal Court against the appellant and another defendant. The trial court granted the appellant a partial motion for summary judgment and the trial court dismissed that appellant from the case in its judgment entry. The plaintiff then voluntarily dismissed its case. The plaintiff refiled the case against the appellant and the other defendant in the Knox County Court of Common Pleas. The trial court granted summary judgment in favor of the plaintiff. The appellant appealed, arguing the plaintiff's claim against the appellant was barred by the doctrine of res judicata. *Id*. at ¶ 25, 27.

{¶39} We agreed the trial court erred. We held once the voluntary dismissal was made, the ruling on the partial summary judgment became a final appealable order. *Id*. at ¶ 42. In so deciding, we cited to *Denham* but our decision was based on the summary judgment entry that specifically ordered the claim against one defendant be dismissed. Upon further analysis of *Denham*, we find our focus in *Carter-Jones* on the summary judgment entry to determine whether the entry was a final appealable order was misplaced.[2] *Denham* holds that in order to make a determination of whether a summary judgment decision is a final appealable order, we look beyond the summary judgment entry and examine the language of the plaintiff's Civ.R. 41(A) notice of dismissal.

{¶40} In *Denham*, the Ohio Supreme Court stated:

> We interpret this language to mean that a Civ.R. 41 dismissal dismisses all claims against the defendant designated in the dismissal

---

[2] The opinion in *Carter-Jones* does not indicate the extent of the voluntary dismissal.

notice and does not apply to defendants named in the complaint who are not designated in the notice of dismissal.

\* \* \*

For these reasons we find that a Civ.R. 41(A) dismissal nullifies the action only with respect to those parties dismissed from the suit.

Id. at 597.

{¶41} It is the notice of voluntary dismissal, not the entry granting summary judgment, which controls whether a final appealable order is created as to one or more defendants or whether the entire case against all defendants is dismissed without prejudice. Unlike *Denham* where the plaintiff's Civ.R. 41(A) notice voluntarily dismissed only the remaining parties, the Bradleys' Civ.R. 41(A)(1) dismissal states it dismisses all parties and all claims*.*

{¶42} The Bradleys' August 15, 2011 voluntary dismissal of all defendants and all claims prevents the interlocutory summary judgment decision from becoming a final adjudication of the claims with which it was concerned. As such, this Court lacks jurisdiction to consider the appeal.

## CONCLUSION

{¶43} This Court lacks jurisdiction over the appeal.

{¶44} The appeal of the judgment of the Fairfield County Court of Common Pleas is dismissed for lack of jurisdiction.

By: Delaney, P.J.

Hoffman, J. and

Edwards, J. concur.

_____
HON. PATRICIA A. DELANEY

_____
HON. WILLIAM B. HOFFMAN

_____
HON. JULIE A. EDWARDS

PAD:kgb

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| SCOTT BRADLEY, et al. | : | |
| Plaintiffs-Appellants | : | JUDGMENT ENTRY |

-vs- :
: Case No.   11-CA-45
DOLLAR GENERAL, et al. :
:
Defendants-Appellees :
:

For the reasons stated in our accompanying Opinion on file, the appeal of the judgment of the Fairfield County Court of Common Pleas is DISMISSED.   Costs assessed to Appellee, Dolgencorp.

---
HON. PATRICIA A. DELANEY

---
HON. WILLIAM B. HOFFMAN

---
HON. JULIE A. EDWARDS