[Cite as *F & R White Farm, L.L.P. v. Kemp*, 2020-Ohio-1364.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## BELMONT COUNTY

F & R WHITE FARM, LLP,

Plaintiff-Appellant,

v.

KENNETH R. KEMP et al.,

Defendants-Appellees.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 19 BE 0038

---

Civil Appeal from the
Court of Common Pleas of Belmont County, Ohio
Case No. 19 CV 0091

**BEFORE:**
Carol Ann Robb, Gene Donofrio, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Vacate the Judgment Entry.

---

*Atty. Tracey Lancione Lloyd*, Lancione, Lloyd & Hoffman Co. LPA, 151 W. Main Street, St.Clairsville, Ohio 43950 for Plaintiff-Appellant and

*Atty. Todd M. Kildow*, Emens & Wolper Law Office Co., LPA, 250 West Main Street, Apt. A, St. Clairsville, Ohio 43950 for Defendants-Appellees.

Dated: April 3, 2020

_____

**Robb, J.**

{¶1} Plaintiff-Appellant F & R Farm, LLP appeals the decision of the Belmont County Common Pleas Court granting Defendants-Appellees Kenneth Kemp, Mary Barnes, James Kemp, Kimberly Stephen, Kathy Stephen, Beth McGee, Robert Kemp, Melvin Kemp, Shirley Jenewein, Sandra Wees, Barbara Wright, Patricia Falconer, Charles Kemp, Penny Morri, Stephen Kemp, Cindy Mako, Carol Earliwine, Bettie Adcock, Keith Shultz, Jr., Jason Shultz, Bernice Chase, Patti Shultz, Lida Michelle Davidson, and Terry A. Davidson's (collectively referred to as the Shultz Heirs) motion to dismiss or in the alternative motion for summary judgment and holding Appellant's notice of voluntary dismissal under Civ.R. 41(A) was applicable to only Defendants-Appellees Rice Drilling D LLC, EQT Production Co., and Gulfport Energy Corp. The preliminary issue in this case is the affect a Civ.R. 41(A) notice of voluntary dismissal of the causes of action against all defendants has on a case when it is filed after a trial court orally grants a motion to dismiss/motion for summary judgment as to some, but not all defendants, journalizes that decision as to the motion to dismiss, but the judgment entry indicating the case shall proceed against the non dismissed defendants, does not include Civ.R. 54 (B) "no just reason for delay" language, and includes language that the order is "subject to further Order of the Court."

{¶2} For the reasons explained below, the trial court's judgment entry after the Civ.R. 41(A) notice of voluntary dismissal is a nullity. In that judgment entry the trial court indicated Appellees Shultz Heirs' motion to dismiss/motion for summary judgment was already granted and is now final since Appellant filed a voluntary dismissal and the voluntary dismissal does not apply to Appellees Shultz Heirs. Given the case law, the voluntary dismissal dismissed all parties, including Appellees Shultz Heirs. The order issued by the trial court granting the motion to dismiss Appellees Shultz Heirs was an interlocutory order given the language in the judgment entry. Therefore, the trial court was without jurisdiction to issue the second judgment entry indicating it granted the motion to dismiss/motion for summary judgment and the judgment is a final order with the voluntary dismissal of the remaining defendants. Accordingly, the second judgment entry

Case No. 19 BE 0038

granting the motion for summary judgment and motion to dismiss is vacated. The voluntary dismissal was self-executing and dismissed all claims against all defendants.

Statement of the Case

{¶3} On March 25, 2019, Appellant filed a complaint against Appellees seeking to quiet title to the mineral interests underlying approximately 150 acres in Belmont County, Ohio. Appellant asserted causes of action sounding in slander of title, breach of contract, and a declaratory judgment action.

{¶4} Appellees Rice, EQT, and Gulfport filed an answer on May 13, 2019. Appellees Shultz Heirs filed their answer and motion to dismiss on May 22, 2019. They asserted in the motion to dismiss that Appellant failed to state a claim upon which relief could be granted. They claimed, based on recent Seventh District Court of Appeals case law (*Soucik* and *Mellott,* which were decided based on *Christman* and *Holdren*), that a reference to severed oil and gas in the alleged root of title prohibits that deed from being considered to be a root of title. They further asserted that they, Appellees Shultz Heirs, filed a timely preservation claim in response to the notice of abandonment that was filed by the Appellant. Appellees Shultz Heirs also reference the fact that Appellant claims ownership of the oil and gas interest but failed to attach copies of two deeds in which it conveyed away its purported interest to the Freddie White Revocable Trust, and the Roger L. White and Ruth E. White Revocable Trust. Thus, Appellees Shultz Heirs also raise a standing issue to bring the suit. It is of significance to note that at the end of this motion, Appellees Shultz Heirs stated that the motion to dismiss could also be considered a motion for summary judgment.

{¶5} Appellant filed a motion in opposition to the motion to dismiss claiming the facts in the case are distinguishable from *Soucick v. Gulfport*, 2019-Ohio-491. As to the claim about transferring the interest to the trusts, Appellant asserted if the court deemed the trustees necessary parties, they could be joined.

{¶6} A hearing was held on the motion to dismiss on July 12, 2019. Counsel for Appellant and Appellant were not present at the hearing. The record indicates counsel was in the courthouse and the court had court personnel look for her, but could not find her. 7/12/19 Tr. 3. At the conclusion of the hearing, the trial court granted Appellees Shultz Heirs' motion to dismiss or in the alternative motion for summary judgment. The

trial court stated that its ruling was based both on the "failure to state a claim upon which relief can be granted and regarding summary judgment." 7/12/19 Tr. 9. The court asked counsel for Appellees Shultz Heirs to prepare a judgment entry and told counsel to submit it to counsel for Appellant prior to submitting it to the court. 7/12/19 Tr. 9. The court also indicated that the case continues as to Appellees EQT, Rice Drilling, and Gulfport. 7/12/19 Tr. 9.

**{¶7}** At 12:25 pm on July 12, 2019, the trial court issued a judgment entry stating, "The Motion to Dismiss is hereby sustained. The Complaint is hereby dismissed regarding Defendants Schultz Heirs. The case shall proceed against Defendants EQT, Rice Drilling, and Gulfport * * *. 7/12/19 J.E. The last sentence of the judgment entry states, "All subject to further Order of the Court." 7/12/19 J.E.

**{¶8}** Approximately 2 hours later at 3:45 pm, Appellants filed a notice of voluntary dismissal stating, "Pursuant to Civ.R. 41(A)(1)(a), Plaintiff by and through counsel, hereby voluntarily dismisses, without prejudice, the cause of action against all Defendants in the above captioned matter." 7/12/19 Notice of Voluntary Dismissal.

**{¶9}** On July 18, 2019 the trial court issued the final judgment entry which was prepared by counsel for Appellees Shultz Heirs. The standards of review for motions to dismiss and summary judgment motions are set forth in the judgment entry. The trial court sustained Appellees Shultz Heirs' motion to dismiss and granted summary judgment in Appellees Shultz Heirs' favor. The last three paragraphs of the judgment state:

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this is a Final Appealable Order for which there is no just cause for delay with regard to the dismissal of all of Plaintiff's claims against the Shultz Heirs; and

> IT IS FINALLY ORDERED, ADJUDGED AND DECREED that subsequent to the Court's Journal Entry sustaining the Shultz Heirs Motion Plaintiff filed a Notice of Voluntary Dismissal; therefore, all claims against EQT Production Company, Rice Drilling D, LLC, and Gulfport Energy Corporation are dismissed and this case is ended.

> FINAL ORDER. THERE IS NO JUST REASON FOR DELAY.

7/18/19 J.E.

{¶10} Prior to the trial court issuing that decision, the proposed judgment entry was submitted to counsel for Appellant. On July 16, 2019, Appellant objected to the proposed Judgment Entry arguing the voluntary dismissal is self-executing and completely terminates the possibility of further action on the merits of the case. Since no final ruling was made on the motion to dismiss/motion for summary judgment, the trial court was without authority after the notice of voluntary dismissal was filed to issue a final ruling on those issues.

{¶11} Appellees Shultz Heirs filed a motion in opposition to the objections asserting the trial court ruled on the motion to dismiss prior to the filing of the notice of voluntary dismissal. Thus, they contended the trial court could issue the ruling on the motion to dismiss. 7/17/19 Motion.

{¶12} Finding no merit with the objections, the trial court signed the July 18, 2019 proposed judgment entry.

{¶13} Appellant filed a motion for reconsideration arguing the voluntary dismissal did not permit the trial court to issue the July 18, 2019 proposed judgment entry. It further argued summary judgment was not appropriate given the facts pled; it contended it was entitled to relief under the Marketable Title Act. 7/30/19 Motion.

{¶14} Appellees Shultz Heirs filed a motion in opposition to the motion for reconsideration arguing a motion for reconsideration from a final order is a nullity. 8/1/19 Motion.

{¶15} Appellant filed an appeal on August 14, 2019 from the July 18, 2019 judgment entry.

<u>First Assignment of Error</u>

"The trial court erred in filing a judgment journal entry after Appellant had filed a voluntary dismissal pursuant to Ohio Civ.R. 41(A) as the case was ended."

{¶16} This assignment of error addresses the implication of Appellant's notice of voluntary dismissal after the trial court issued its July 12, 2019 Judgment Entry, but before it issued the July 18, 2019 Judgment Entry.

{¶17} As discussed above, a hearing was held on Appellees Shultz Heirs' motion to dismiss/motion for summary judgment. At the hearing, the trial court granted the motion

<u>Case No. 19 BE 0038</u>

to dismiss/motion for summary judgment and ordered counsel for Appellees Shultz Heirs to prepare a judgment entry. Counsel for Appellant was not present at this hearing, but was in the courthouse and court personnel was unable to locate her. Following the hearing, the trial court issued a judgment entry sustaining Appellees Shultz Heirs motion to dismiss and indicated the case would proceed against Appellees EQT, Rice Drilling, and Gulfport. Rather than add Civ.R. 54(B) language and render the ruling on the motion to dismiss a final order, the court stated, "All subject to further Order of Court." 7/2/18 J.E. Within hours of that decision being filed, Appellant filed a notice of voluntary dismissal of the entire case against all defendants. Following that notice, the trial court issued a final judgment granting the motion to dismiss/motion for summary judgment as to Appellees Shultz Heirs, indicting the voluntary dismissal dismissed the complaint as to the remaining defendants – Appellees EQT, Rice Drilling, and Gulfport. That judgment entry contained Civ.R. 54(B) language.

{¶18} In 1999, the Ohio Supreme Court was asked to decide whether "a decision of a trial court granting summary judgment based on immunity for one of several defendants in a civil action becomes a final appealable order when the plaintiff voluntarily dismisses the remaining parties to the suit pursuant to Civ.R. 41(A)(1)." *Denham v. New Carlisle*, 86 Ohio St.3d 594, 716 N.E.2d 184 (1999). In *Denham*, summary judgment was granted for one defendant, New Carlisle, and then the plaintiff filed a notice of voluntary dismissal of the remaining defendants. *Id.* The plaintiff Denham then appealed the grant of summary judgment to the appellate court. Defendant New Carlisle argued that a Civ.R. 41 dismissal leaves the parties as if no action had been brought and thus, the notice of dismissal nullified the trial court's summary judgment decision for it and divested the court of appeals of jurisdiction to hear the appeal.

{¶19} In analyzing the issue, the Supreme Court stated the long standing legal principle that an order is a final and appealable order only if it meets the requirements of both Civ.R. 54(B) and R.C. 2505.02, the final appealable order statute. *Id.* at 596. The Court concluded that the grant of summary judgment met the requirements of R.C. 2505.02 and the issue was whether it met the requirements of Civ.R. 54(B). *Id.* The Court concluded that the language of Civ.R. 41 means, "a Civ.R. 41 dismissal dismisses all claims against the defendant designated in the dismissal notice and does not apply to

defendants named in the complaint who are not designated in the notice of dismissal." *Id.* at 597. Therefore, "[b]ecause we hold that a voluntary dismissal pursuant to Civ.R. 41(A) renders the parties as if no suit had ever been filed against only the dismissed parties, the trial court's summary judgment decision meets the requirements of Civ.R. 54(B)." *Id.* Consequently, although the summary judgment order when issued was an interlocutory order because it did not dispose of all claims and parties and no Civ.R. 54(B) language was added to the entry, the dismissal of all other defendants converted the interlocutory order into a final order in compliance with Civ.R. 54(B) because there were no other claims or parties.

{¶20} The case at hand is distinguishable from *Denham*. The notice of voluntary dismissal filed here applied to all defendants including Appellees Shultz Heirs. Ohio Appellate Courts have held that this distinguishing factor renders a prior interlocutory summary judgment order a nullity. When an entire action is dismissed without prejudice pursuant to Civ.R. 41(A), as opposed to only certain claims or parties, interlocutory orders which do not contain Civ.R. 54(B) language that there is no just reason for delay are dissolved and rendered a nullity. *Davis v. Dungeons of Delhi*, 2019-Ohio-1457, 135 N.E.3d 469, ¶ 18 (1st Dist.); *Fisher v. Mallik*, 2015-Ohio-1008, 30 N.E.3d 245, ¶ 18 (10th Dist.); *Bradley v. Dollar Gen.*, 2012-Ohio-3700, 975 N.E.2d 515, ¶ 42 (5th Dist.); *Fox v. Kraws*, 11th Dist. Lake No. 2009-L-157, 2009-Ohio-6860, ¶ 14-16; *Hutchinson v. Beazer East, Inc.,* 8th Dist. Cuyahoga Nos. 86635 and 87897, 2006-Ohio-6761, ¶23; *Fairchilds v. Miami Valley Hosp., Inc.*, 160 Ohio App.3d 363, 2005-Ohio-1712, 827 N.E.2d 381, ¶ 38 (2d Dist.); *Blankenship v. Wadsworth-Rittman Area Hosp.*, 9th Dist. Medina No. 02CA0062-M, 2003-Ohio-1288, ¶ 17; *Toledo Heart Surgeons v. The Toledo Hosp.*, 6th Dist. Lucas No. L-02-1059, 2002-Ohio-3577, ¶ 28.

{¶21} We have not previously addressed the specific issue before us. However, we have stated, "when the plaintiff voluntarily dismisses his remaining claims against a defendant after partial summary judgment was entered for that defendant, there is no remaining order that one could appeal; the prior orders were nullified and the action is as if it was never brought." *Latronica v. Western Southern Life, Inc.*, 7th Dist. Mahoning No. 04 MA 227, 2005-Ohio-2935, ¶ 21.

**{¶22}** The Ohio Supreme Court has not determined whether the appellate courts' analyses and conclusions are correct. The Court had previously accepted the issue for review, but dismissed it as improvidently accepted. *Fairchilds v. Miami Valley Hospital*, 109 Ohio St.3d 1229, 2006-Ohio-3055, 849 N.E.2d 292. Two justices dissented to the dismissal and in Justice Lundberg Stratton's dissent she explained that it was of her opinion that "plaintiffs cannot nullify or dissolve a summary judgment decision, albeit interlocutory, by filing a Civ.R. 41(A) voluntary dismissal." *Id.* at ¶ 2. She further added:

> This court intends to refer this matter to the Supreme Court's Commission on the Rules of Practice and Procedure in light of the potential for abuse of Civ.R. 41(A). I agree that a rule amendment may be necessary. However, I believe that we should take action now to stop this abusive maneuvering by parties who want a second bite at the apple following an unfavorable interlocutory decision. A party who believes that it was unfairly denied discovery to defend a motion for summary judgment may appeal from that decision, but that party is not entitled to refile the entire case.
>
> In *Denham v. New Carlisle* (1999), 86 Ohio St.3d 594, 716 N.E.2d 184, we sanctioned a Civ.R. 41(A) voluntary dismissal of fewer than all of the defendants in a case, and we held that that dismissal caused an interlocutory summary judgment order in favor of the remaining defendant to become final and appealable. I would hold that the plaintiffs' voluntary dismissal applied to Landis only and extend the reasoning of *Denham* to finalize the summary judgment in favor of MVH. Therefore, I respectfully dissent.

*Id.* at ¶ 9-10.

**{¶23}** However, following that decision, Civ.R. 41(A) has not been amended. Accordingly, there is no indication that the appellate courts' decisions regarding this matter have been altered by either a rule amendment or a pronouncement from the Ohio Supreme Court.

**{¶24}** Accordingly, given the case law, the trial court was without jurisdiction to issue its July 18, 2019 judgment granting Appellees Shultz Heirs' motion to dismiss/motion for summary judgment. The July 12, 2019 judgment entry granting the

motion to dismiss as to Appellees Shultz Heirs and indicating the case would proceed against Appellees EQT, Rice Drilling, and Gulfport was an interlocutory order. The order specifically stated, "All subject to further Order of the Court." That language is not final order language. Therefore, when Appellant filed a notice of voluntary dismissal of all defendants hours after the July 12, 2019 order, the interlocutory order granting the motion to dismiss was dissolved and rendered a nullity.

**{¶25}** Admittedly, cases addressing this issue typically deal with interlocutory summary judgment orders. However, the Eighth Appellate District has explained that "a dismissal for failure to state a claim upon which relief can be granted to a party while claims against other parties are still pending, and which does not contain Civ.R. 54(B) language that there is no just reason for delay, is not appealable when the entire action is later dismissed without prejudice pursuant to Civ.R. 41(A). Rather, such order is dissolved and has no res judicata effect." *Cleveland Indus. Square, Inc. v. Dzina*, 8th Dist. Cuyahoga No. 85336, 2006-Ohio-1095, ¶ 41, quoting *Toledo Heart Surgeons.*

**{¶26}** For those reasons this court concludes that the trial court was without jurisdiction to issue the July 18, 2019 judgment entry granting Appellees' Shultz Heirs' motion to dismiss/motion for summary judgment. The July 12, 2019 order granting the Shultz Heirs' motion to dismiss was an interlocutory order. The July 12, 2019 notice of voluntary dismissal filed by Appellant dissolved the July 12, 2019 order and rendered it a nullity. This court finds merit with the first assignment of error.

<u>Second Assignment of Error</u>

"The trial court improperly granted a 12(B)(6) motion for failure to state a claim for which relief could be granted."

**{¶27}** Our resolution of the first assignment of error renders this assignment of error moot. We will not address the merit arguments raised in this assignment of error.

<u>Third Assignment of Error</u>

"The trial court improperly granted summary judgment in favor of Appellees Shultz Heirs after granting a 12(B)(6) motion for failure to state a claim for which relief could be granted."

**{¶28}** Our resolution of the first assignment of error renders this assignment of error moot. We will not address the merit arguments raised in this assignment of error.

<u>Case No. 19 BE 0038</u>

## Conclusion

{¶29} This court finds merit with the first assignment of error for the reasons expressed above; the trial court's July 18, 2019 decision is vacated. The voluntary dismissal is effective as to all defendants and renders the interlocutory July 12, 2019 order a nullity. This ruling renders the remaining two assignments of error moot.


Donofrio, J., concurs.

D'Apolito, J., concurs

———————————

For the reasons stated in the Opinion rendered herein, it is the final judgment and order of this Court that the Court of Common Pleas of Belmont County, Ohio trial court's July 18, 2019 judgment entry is vacated. Costs to be taxed against the Appellees.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**